UNITED STATES, Appellant

v

JOHNNY T. McFADDEN, Airman,
U. S. Air Force, Appellee

19 USCMA 412, 42 CMR 14

No. 22,688

May 8, 1970

*Lieutenant Colonel Henry R. Lockington* argued the cause for Appellant, United States. With him on the brief was *Colonel James M. Bumgarner*.

*Major Frank T. Moniz* argued the cause for Appellee, Accused. With him on the brief was *Colonel Bertram Jacobson*.

## Opinion of the Court

FERGUSON, Judge:

By means of a Certificate, pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the Air Force has requested this Court to pass on the following questions:

"a. WAS THE COURT OF MILITARY REVIEW CORRECT IN ITS DECISION THAT THERE IS A CONFLICT BETWEEN ARTICLE 38(e) OF THE UNIFORM CODE OF MILITARY JUSTICE AND PARAGRAPH 47, MCM, 1969 (REV)?[1]

---

[1] Article 38(e), Uniform Code of Military Justice, 10 USC § 838, provides:

"b. IF THE ANSWER TO THE FIRST CERTIFIED QUESTION IS IN THE AFFIRMATIVE, WAS THE COURT OF MILITARY REVIEW CORRECT IN ITS DECISION THAT THE SUBSTANTIAL RIGHTS OF THE ACCUSED WERE PREJUDICED BY THE RULING OF THE MILITARY JUDGE WHICH PROHIBITED PARTICIPATION BY THE ASSISTANT DEFENSE COUNSEL IN THE ACTUAL TRIAL PROCEEDINGS?"

The appointing order under which the accused was tried,[2] Special Order A-95, dated August 4, 1969, designated as counsel for the accused "CAPT DAVID W HESS, . . . Defense Counsel, certified in accordance with Article 27(b)" and "CAPT JERRY L WINDEL, . . . Assistant Defense Counsel, not certified in accordance with Article 27(b)." At the outset of the trial, the military judge informed the accused of his right to counsel as set forth in Article 38(b), Code, supra, 10 USC § 838, and inquired into his knowledge of his entitlement thereunder. After informing him of his right to be represented by a civilian lawyer of his own choice or by a lawyer certified under the provisions of Article 27(b), Code, supra, 10 USC § 827, the judge stated:

". . . Let me give you some further advice. The detailed assistant defense counsel is a lawyer, but he has not been certified under the provisions of Article 27(b) of the Uniform Code of Military Justice. Therefore, he may not perform any duties as assistant defense counsel in the actual trial proceedings. Accordingly, the assistant defense counsel will not be sworn at the appropriate place in the proceedings here. By whom will the accused be defended?

"DEFENSE COUNSEL: The accused is defended by myself, Captain David W. Hess, the detailed defense counsel, and I will have the assistance of Captain Jerry L. Windel, the detailed assistant defense counsel."

No objection was made to the military judge's quoted comment, the assistant defense counsel was not sworn, and the record does not disclose what, if any, assistance he gave to the defense counsel.

On the ground that the military judge apparently based his advice to the accused on the provisions of paragraph 47 of the Manual,[3] the Court of Military Review held that insofar as this provision can be construed as a ban on the assistant defense counsel's active participation in the trial, it is in conflict with Article 38(e) of the

"An assistant defense counsel of a general or special court-martial may, under the direction of the defense counsel or when he is qualified to be the defense counsel as required by section 827 of this title (article 27), perform any duty imposed by law, regulation, or the custom of the service upon counsel for the accused."

Paragraph 47, Manual for Courts-Martial, United States, 1969 (Revised edition), contains the following language:

"ASSISTANT DEFENSE COUNSEL. Unless he is disqualified by reason of prior participation in the case (6a; Art. 27(a)), any person named in the order as an assistant defense counsel of a general or special court-martial may, when he is qualified to be the defense counsel as required by Article 27, perform any duty imposed by law, regula-tions, or custom of the service upon counsel for the accused. See Article 38(e). Unless in charge of the defense, he will perform those duties in connection with the trial that the counsel in charge of the defense may designate. However, an assistant defense counsel who is not qualified to be defense counsel as required by Article 27 may not perform any of the duties of the defense counsel before the court in a general or special court-martial case. Except when the contrary affirmatively appears, all duties performed outside of court by the assistant defense counsel shall be deemed to have been performed under the direction of the counsel in charge of the defense."

[2] ACM 20539.

[3] See also Military Justice Guide, AFM 111-1, paragraph 3-6a, July 17, 1969.

Code. In such situations the Code prevails. United States v Jenkins, 7 USCMA 261, 22 CMR 51 (1956); United States v Greer, 3 USCMA 576, 13 CMR 132 (1953). The Court also held that since the military judge's refusal to administer the oath to the designated assistant defense counsel operated to deprive the accused of his right to the services of counsel, a rehearing was required.

We answer the first certified question in the affirmative.[4] Other than a passing reference to assistant defense counsel in Article 27 and the provision of Article 38(e), the Code does not establish the qualifications one must have in order to be detailed and serve as an assistant defense counsel. Article 38(e) presupposes that he may not be certified under Article 27 for, in outlining his duties, the Code provides that he may perform in that capacity "under the direction of the defense counsel *or* when he is qualified to be the defense counsel as required by section 827 of this title (article 27)." (Emphasis supplied.) However, in United States v Kraskouskas, 9 USCMA 607, 610, 26 CMR 387 (1958), where a nonlawyer defended the accused, a majority of this Court, in reversing the conviction, held that:

"... in order to promote the best interests of military justice, it is imperative that only qualified lawyers be permitted to practice before a general court-martial."

*Kraskouskas* is distinguishable on several grounds. First, we were there concerned with *principal defense counsel,* not an assistant, who had been personally selected by the accused from among the officer corps as a replacement for the certified counsel assigned by the convening authority to defend the accused. Certified counsel was excused by the law officer at the express request of the accused and the nonlawyer officer conducted the accused's defense without any assistance.

While acknowledging that prior to the Code it was not uncommon for an accused before a general court-martial to be represented by a nonlawyer, we stated:

"... It is clear that Congress in enacting the Code sought to eliminate many of the objectionable practices which had existed prior thereto—not the least of which was an accused's representation by one unskilled in the practice of law. It is inconceivable that Congress would, on the one hand, prescribe exacting legal qualifications for appointed counsel, while on the other, permit an accused by his own selection to be represented by a nonlawyer. The stakes involved in a general court-martial are too high and the price paid for incompetence and lack of professional ability is too dear to permit an accused's life and liberty to rest in the hands of one untrained in the law. As the Supreme Court of the United States said in Johnson v Zerbst, 304 US 458, 463, 58 S Ct 1019, 1022, 82 L Ed 1461, 1466, 'Even the intelligent and educated layman has small and sometimes no skill in the science of law.'" [*Ibid.,* at page 610.]

In this case, the principal defense counsel was certified under Article 27.

A second basis for distinguishing *Kraskouskas* is the fact that here the assistant defense counsel, although not certified under Article 27, was a lawyer. The record is silent as to whether he was also a member in good standing of a recognized bar. In the event that he was a member of the bar, he then possessed the qualifications that are necessary for selection by the accused of civilian counsel to represent him as principal counsel. Article 38(b), Code, supra; United States v Kraskouskas, supra. At the very least, he was trained in the law and certainly qualified to function in the role assigned to him by the convening authority, under the direction of certified counsel.

---

[4] What we say here applies only to general courts-martial. See United States v Culp, 14 USCMA 199, 33 CMR 411 (1963).

We find no fault with the military judge in this case. He was simply following the instructions set forth in the Military Justice Guide, AFM 111–1, paragraph 3–6a, July 17, 1969. These instructions were based on paragraph 47 of the Manual, which in turn, according to the Analysis of Contents, Manual for Courts-Martial, United States, 1969, had been revised to accord with our decision in United States v Kraskouskas, supra. We believe, however, that the Manual change went so far as to be in conflict with the Code, in which case the codal provisions take preference. United States v Greer and United States v Jenkins, both supra.

A similar situation was before a board of review in United States v Woods, 39 CMR 922 (AFBR 1968). There the law officer refused to allow an appointed assistant defense counsel to actively participate in the trial for the reason that he was not certified in accordance with Article 27(b). The board, in reversing the case on the ground that the accused had been denied his right to counsel, held that the assistant defense counsel was qualified to serve as such inasmuch as he was a lawyer and met the bar membership qualifications of Article 27. As authority for its holding, the board cited this Court's opinion in United States v Kraskouskas, supra.

We agree with the decision of the Court of Military Review in this case that the military judge erred in prohibiting the assistant defense counsel from performing his duties.

The second certified question is answered in the negative.

In United States v Tavolilla, 17 USCMA 395, 38 CMR 193 (1968), we pointed out that the accused was entitled to be represented by each and every member of the defense team named as such in the appointing order. In *Tavolilla*, the accused *expressly* waived the right to have two additional assistants to the defense counsel present at trial and aiding in his defense. And in United States v Koren, 17 USCMA 513, 514, 38 CMR 311 (1968), we also held that the accused waived the presence of an appointed assistant defense counsel when he made no complaint following an announcement by defense counsel that the accused would be " 'defended by Captain Joseph E. McDonald, U. S. Marine Corps Reserve.' "

In the case at bar, defense counsel announced that he would defend the accused with the "assistance of . . . the detailed assistant defense counsel." Presumably, the latter provided the defense with whatever assistance the defense counsel required of him. Article 38(b), Code, supra. At least, it was not then and is not now contended that the accused was impeded in his defense by the military judge's refusal to administer the oath to the appointed assistant defense counsel. On this record, we perceive no fair risk of prejudice to the accused's defense by the limitation on the active participation in the trial proceedings by the assistant defense counsel.

The first certified question is answered in the affirmative and the second in the negative. The decision of the Court of Military Review as to prejudice is reversed. The record of trial is returned to the Judge Advocate General of the Air Force. The Court of Military Review should consider the other errors originally assigned before it.

Judge DARDEN concurs.

QUINN, Chief Judge (concurring in part and dissenting in part):

In my opinion, a fair reading of the text of the Manual discloses no conflict between its provisions and those of Article 38(e) of the Uniform Code. The two major provisions dealing with the authority of assistant defense counsel are in full agreement; this concordance appears in the columnar arrangement:

| UCMJ, Article 38(e) | MCM, paragraph 47 |
|---|---|
| 1. "An assistant defense counsel . . . may, . . . when he is qualified to be the defense counsel as required by . . . (article 27), perform any duty imposed by law . . . upon counsel for the accused." | 1. ". . . [A]ny person named . . . as an assistant defense counsel . . . may, when he is qualified to be the defense counsel as required by Article 27, perform any duty imposed by law . . . upon counsel for the accused." |
| 2. "An assistant defense counsel . . . may, under the direction of the defense counsel . . . , perform any duty imposed by law . . . upon counsel for the accused." | 2. ". . . [A]ny person named . . . as an assistant defense counsel . . . will perform those duties . . . that the counsel in charge of the defense may designate." |

The purported conflict between the Manual and the Uniform Code lies in the meaning of two sentences in the Manual. These sentences are:

". . . Unless in charge of the defense, he [assistant defense counsel] will perform those duties in connection with the trial that the counsel in charge of the defense may designate. However, an assistant defense counsel who is not qualified to be defense counsel as required by Article 27 may not perform any of the duties of the defense counsel before the court in a general or special court-martial case." [*Id.*, paragraph 47.]

These sentences must be read together. As I read them, they indicate that an assistant defense counsel generally and ordinarily acts under the direction and control of a qualified counsel, but there may be occasions when he assumes charge of the defense. In that event, he is in fact the defense counsel and, quite properly, the Manual declares that he must in that instance be qualified under Arti-cle 27 to act as defense counsel. This requirement is consistent with our holding in United States v Kraskouskas, 9 USCMA 607, 26 CMR 387 (1958). Article 38(e) is not to the contrary; it authorizes an unqualified assistant defense counsel to act only under the direction of a qualified counsel. Consequently, if an unqualified assistant defense counsel assumes full charge of the case, he cannot, under Article 38(e), act as defense counsel at trial. See United States v Nichelson, 18 USCMA 69, 39 CMR 69 (1968). In my opinion, therefore, paragraph 47 of the Manual is consistent with Article 38(e). I would, therefore, answer the first certified question in the negative.

Since the assistant defense counsel was not in charge, but acting under the direction of defense counsel, I agree with the majority that the law officer erred in ruling that he could not serve as an assistant counsel at the trial. I also agree that the accused was not prejudiced by the ruling and, therefore, join in the negative answer to the second certified question.