UNITED STATES, Appellant

v

FREDDIE R. FLOOD, Sergeant, U. S.
Air Force, Appellee

20 USCMA 148, 42 CMR 340

No. 22,950

November 20, 1970

*Lieutenant Colonel Robert W. Vayda* argued the cause for Appellant, United States. With him on the brief was *Colonel James M. Bumgarner*.

*Colonel Bertram Jacobson* argued the cause for Appellee, Accused. With him on the brief was *Major William H. Seckinger*.

## Opinion of the Court

QUINN, Chief Judge:

This case is like United States v McFadden, 19 USCMA 412, 42 CMR 14 (1970). There, as here, the accused was represented at trial by appointed defense counsel, who was certified in accordance with Article 27(b), Uniform Code of Military Justice, 10 USC § 827, and an assistant defense counsel, who was a lawyer but not certified to act as counsel in general courts-martial. For the reasons set out in our opinion in *McFadden*, we answer in the affirmative the first question certified by the Judge Advocate General of the United States Air Force, which asks whether the United States Air Force Court of Military Review was "correct in its decision" that there is a conflict between Article 38(e), Code, supra, 10 USC § 838, and paragraph 47, Manual for Courts-Martial, United States, 1969 (Revised edition). We accept the Government's concession that it was error for the military judge to rule that the assistant defense counsel, Captain Lawrence Klepetko, could sit at the counsel table with defense counsel but could "not participate in the trial." As *McFadden* instructs, we turn to consider whether the accused was prejudiced by the erroneous ruling.

Captain Klepetko previously participated in the case as individually requested counsel for the accused at the Article 32 investigation. The accused contends that, as a result, Captain Klepetko possessed "intimate knowledge" of the testimony by the Government witnesses and had he been able directly to "confront these same witnesses again on the witness stand" at trial, his examination would have been "of definite value" to the defense.[1]

The record of trial indicates that defense counsel conferred with Captain Klepetko on trial matters on several occasions, but there is no indication that he desired assistant defense counsel to conduct the cross-examination of the Government witnesses. For purposes of this appeal we assume that he might have considered that course of action and would, in fact, have asked the judge to allow Captain Klepetko to handle the cross-examination had the judge not ruled *sua sponte* on the extent to which the Captain could act in the case. The record furnishes no support, however, to the contention that Captain Klepetko's anticipation of the witnesses' probable "reactions" to cross-examination by him, instead of defense counsel, would have elicited testimony more favorable to the accused than the cross-examination conducted by the appointed defense counsel. On the crucial issues, the Government witnesses testified at

---

[1] At the Article 32 investigation, the accused was expressly advised that because Captain Klepetko was not qualified under Article 27(b), Uniform Code of Military Justice, 10 USC § 827, he would be unable to represent him "in a later trial by general court-martial if that should develop." The accused indicated he did not want "somebody else" who was qualified, but that it was his "desire" to be represented by Captain Klepetko. The Captain was not an assistant defense counsel when the charges were referred to trial, but was so appointed one day later. The circumstances that led to his appointment do not appear in the record. Since he was appointed for the Article 32 investigation at the accused's special request, it might well be that he was also appointed for the trial at the accused's request. As a result, a substantial question is raised as to whether the accused's course of conduct precludes appellate consideration of the present contention. The view we take of the case, however, makes it unnecessary to consider this matter.

trial substantially as they had at the Article 32 investigation. To impeach their credibility, defense counsel questioned them about some of their Article 32 testimony. We are not referred to any parts of the Article 32 investigation that could have been used with more or greater effect than those utilized by defense counsel. Our examination of the transcript of the Article 32 testimony and the record of trial reveals no significant conflicting or inconsistent testimony beyond that used by defense counsel. As in *McFadden*, therefore, we conclude that the record discloses "no fair risk of prejudice to the accused's defense by the limitation on the active participation in the trial proceedings by the assistant defense counsel." *Id.*, at page 415. Accordingly, we answer in the negative the second certified question which asks whether the Court of Military Review was "correct in its decision that the substantial rights of the accused were prejudiced by the ruling."

Other issues raised by the accused before the Court of Military Review were decided adversely to him. In addition, we denied his petition for review of issues not encompassed within the certified questions. Cf. United States v Best, 4 USCMA 581, 16 CMR 155 (1954). However, it does not appear that the Court of Military Review considered the appropriateness of the accused's sentence. We, therefore, return the record of trial to the Judge Advocate General of the United States Air Force for resubmission to the Court of Military Review for further proceedings consistent with this opinion.

Judges FERGUSON and DARDEN concur.