**UNITED STATES, Appellee,**

v.

**Billy R. WARE, Jr., Seaman, U. S. Navy, Appellant.**

**No. 30,468.**

U. S. Court of Military Appeals.

Feb. 6, 1976.

*Captain Eugene A. Ritt,* USMCR, argued the cause for Appellant, Accused. With him on the brief were *Major D. A. Higley,* USMC, and *Lieutenant J. R. Cliffe,* JAGC, USNR.

*Lieutenant J. W. Malley, Jr.,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

Appellant complains that the convening authority who "reversed" the military judge's dismissal of the charge[1] against appellant on the ground of denial of speedy trial[2] and who "directed [trial] to proceed," acted without lawful power to do so, a claim with which we agree. As a consequence, we reverse and dismiss.

After the trial judge had granted the appellant's motion to dismiss the charge, which motion was predicated upon an alleged denial of the appellant's right to a speedy disposition of that charge against him, the Government appealed the trial ruling to the convening authority pursuant to the following provision of Article 62(a), Uniform Code of Military Justice, 10 U.S.C. § 862(a):

> If a specification before a court-martial has been dismissed on motion and the ruling does not amount to a finding of not guilty, the convening authority may return the record to the court *for reconsideration of the ruling* and any further appropriate action. [Emphasis added.]

Upon review of the matter, the convening authority not only determined that certain of the facts as found by the judge were not

---

1. Appellant was charged with a single allegation of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.

2. Appellant also makes a similar claim of error before us, an issue which we granted for further review, but one which we need not address herein because of our disposition of the other matter.

reasonably supported by the evidence, but further opined that even the facts as found at trial did not justify the judge's ruling as a matter of law. The convening authority concluded:

> Accordingly, the military judge's ruling granting the motion for dismissal based upon lack of speedy trial is reversed. The trial is directed to proceed.

When the court-martial reconvened, the military judge again entertained defense counsel's motion to dismiss for want of a speedy trial and heard evidence thereon. After noting on the record that nothing he had just heard detracted from his earlier ruling in his own mind—in fact, he indicated that the most recently presented evidence constituted an even stronger case for dismissal—the judge remarked:

> As is obvious, I previously granted that motion, and *I have been overruled by the convening authority*. . . . As I have previously stated, *I must, I feel, accede to the views of the convening authority* in returning this case to trial. [Emphasis added.]

Both the convening authority, in his action reversing the trial ruling and ordering the court-martial to proceed, and the trial judge, in acquiescing to the convening authority's views, acted consonant with paragraph 67f of the Manual,[3] which states, in pertinent part:

> In returning the record of proceedings to the court, the convening authority will include a statement of his reasons for disagreeing, together with *instructions to reconvene and reconsider the ruling* with

respect to the matter in disagreement. . . . To the extent that the matter in disagreement relates solely to a question of law, as, for example, whether the charges allege an offense cognizable by a court-martial, *the military judge or the president* of a special court-martial without a military judge *will accede to the view of the convening authority.* [Emphasis added.]

As the alleged denial of a speedy trial constitutes a "question of law" for the purposes of Article 62(a), UCMJ, and paragraph 67f, MCM,[4] and as a dismissal of a charge based on such claim does not amount to a finding of not guilty,[5] the legal efficacy of the latter, as an interpretation and application of the former, is now directly in issue before us.

This problem is not one of first impression. In *United States v. Swartz*, 44 C.M.R. 403 (A.C.M.R.1971), the Army Court of Military Review, in a well considered and thoroughly documented opinion, ruled that the Manual dictate to the trial judge to accede to the convening authority's ruling was an unlawful extension of Article 62(a). Subsequently, however, this Court contrariwise opined that on the basis of Article 62(a) and paragraph 67f, if the facts do not justify the trial judge's ruling as a matter of law, "the ruling is properly reversible."[6] That viewpoint, however, was not without dissent from among us. I have ofttimes expressed the judgment that Article 62(a) authorizes only that the convening authority may under the proper circumstances direct the judge to *reconsider* his legal ruling, but

---

3. Manual for Courts-Martial, United States, 1969 (Rev.).

4. *See United States v. Boehm*, 17 U.S.C.M.A. 530, 38 C.M.R. 328 (1968). Where the underlying events are not in dispute, as basically is the case herein, the "legal effect given to a set of undisputed facts represents a pure question of law. *Hoover v. Allen*, 241 F.Supp. 213 (S.D. N.Y.) (1965)." *United States v. Bielecki*, 21 U.S.C.M.A. 450, 454, 45 C.M.R. 224, 228 (1972).

5. *United States v. Boehm, supra.*

6. *United States v. Frazier*, 21 U.S.C.M.A. 444, 446, 45 C.M.R. 218, 220 (1972). *See United States v. Bielecki, supra; Lowe v. Laird*, 18

U.S.C.M.A. 131, 39 C.M.R. 131 (1969); *United States v. Boehm, supra.* In fact, in *Lowe v. Laird, supra,* this Court even went so far as to assert that Article 62(a)

> constitutes the convening authority a reviewing authority of the action of a court-martial and *specifically empowers him to review and reverse* a ruling resulting in the dismissal of charges on a ground which does not amount to a finding of not guilty.

18 U.S.C.M.A. at 132, 39 C.M.R. at 132 (emphasis added). Wherein Article 62(a) "specifically empowers" the convening authority to *reverse* a trial ruling, I am unable to ascertain.

that it in nowise permits the convening authority to *reverse* that ruling, and further that any Manual provision to any other effect is invalid.[7] Additionally, Judge Duncan, while feeling constrained to concur in disposition consonant with our precedent solely on the basis of stare decisis, was of the opinion that the portion of paragraph 67*f* now under consideration goes further than permitted under Article 62(a).[8] We now so hold.

■ As *Boehm* itself indicates, "Trial rulings are subject to review by a convening authority only as provided in the Uniform Code of Military Justice."[9] As the President's power, under Article 36, UCMJ, to prescribe procedural guidelines before courts-martial[10] is limited to rules not contrary to or inconsistent with the Code,[11] the question pending is reduced to one of determining what is the meaning of the quoted language of Article 62(a) and of resolving whether "accede" is consistent therewith.

■ As above-noted, Article 62(a) enables the convening authority in an appropriate instance to pursue one—and only one—course of action: return the record to the trial court "for reconsideration" of its prior ruling. "Reconsideration" may fairly be defined as "[t]he taking up for renewed consideration that which has been passed on or acted upon previously"[12] and "reconsider" as "to think over, discuss, or debate . . . with a view to changing or reversing."[13] "Reconsideration," then, necessarily implies an independent rethinking, a fresh analysis, of a matter already resolved. "Accede," on the other hand, means "to give consent,"[14] to "[yield] . . . to express approval or give consent."[15] Its synonym is "assent,"[16] which itself means "to give or express one's concurrence, acquiescence, or compliance."[17] Therefore, while "reconsider" contemplates an individual reexamination to judge the validity of the earlier decision, "accede" connotes no discretion or judgment at all, but rather an unthinking and obedient surrender to the views of another. Obviously, therefore, the Manual's mandate to the trial judge that he accede—that is, accept reversal—is not included within and is inconsistent with the clear and plain meaning of the Code's "reconsideration" provision.

■ Having so concluded, the outer extent of the legally necessary inquiry has been reached.

> [T]he rule is well settled that a plain and unambiguous statute is to be applied, not interpreted. Where no ambiguity is apparent there is no reason to resort to rules of statutory construction, which are intended solely to remove—not create—doubt.[18]

This rule of statutory construction, familiar to us all, is based on the presumption that

7. *See* my dissenting opinions in *Lowe v. Laird, supra* at 133, 39 C.M.R. at 133, and *United States v. Boehm, supra* at 538–42, 38 C.M.R. at 336–40.

8. *United States v. Frazier, supra* at 447–48, 45 C.M.R. at 221–22 (Duncan, J., concurring).

9. *United States v. Boehm, supra* at 532, 38 C.M.R. at 330.

10. In light of the reading we make of Article 62(a) and of our decision in the case at bar based thereon, we need not concern ourselves with whether paragraph 67*f* addresses procedure *before courts-martial,* to which the President's power to promulgate procedure is restricted. Article 36, UCMJ.

11. To the extent that a Manual provision is irreconcilably in conflict with the Code, it must yield to the statute. *See United States v. McFadden,* 19 U.S.C.M.A. 412, 42 C.M.R. 14

(1970); *United States v. Johnpier,* 12 U.S.C.M.A. 90, 30 C.M.R. 90 (1961).

12. Ballentine's Law Dictionary 1068 (3d ed. 1969).

13. Webster's Third New International Dictionary 1897 (1961).

14. Ballentine's Law Dictionary, *supra* at 9.

15. Webster's, *supra* at 10.

16. *Id.*

17. *Id.* at 131.

18. *United States v. Davis,* 12 U.S.C.M.A. 576, 578, 31 C.M.R. 162, 164 (1961), and cases cited therein. *Accord, United States v. Sosville,* 22 U.S.C.M.A. 317, 320, 46 C.M.R. 317, 320 (1973).

Congress selected the language it intended to apply.[19]

However, lest those be legally and academically unsatisfied who believe that the term "reconsider" is not so clear and plain in meaning as to make resort to the legislative history of Article 62(a) improper, we have examined the testimony of the Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st Sess. (1949),[20] which delved somewhat into this statutory provision when it first became law in the Act of May 5, 1950.[21] True it is that the subcommittee was told that the statute codified then existing practice in the Army and the Navy, and true it is that the Army's practice (though not the Navy's) did require the court to accede to the convening authority's views.[22] However, the inescapable fact of the matter is that the subcommittee never was told *what* that so-called existing practice of the services *was.* All they had before them was the language of Article 62(a) and its word "reconsideration." Thus, even these hearings do not support a conclusion that the Congress intended that Article 62(a) and "reconsideration" be given any meaning other than that found in normal usage.[23]

■ Furthermore, since appeals by the government in criminal cases are "something unusual, exceptional, not favored,"[24] the statutory provision permitting a limited right of appeal to the prosecution must be strictly construed against the Government.[25] Any expansion of that right must come from the Congress, not from this Court. As the United States Supreme Court stated in addressing this subject:

> The history shows resistance of the Court to the opening of an appellate route for the Government until it was plainly provided by the Congress, and after that a close restriction of its uses to those authorized by the statute.[26]

> Congress clearly contemplated when it placed drastic limits upon the Government's right of review in criminal cases that it would be completely unable to secure review of some orders having a substantial effect on its ability to secure criminal convictions. This Court cannot and will not grant the Government a right of review which Congress has chosen to withhold.[27]

> If there is a serious need for appeals by the Government from suppression orders, or unfairness to the interest of effective criminal law enforcement in the distinctions we have referred to, it is the function of the Congress to decide whether to initiate a departure from the historical pattern of restricted appellate jurisdiction in criminal cases.[28]

Finally, we note that in the Military Justice Act of 1968,[29] in amending the UCMJ,[30] Congress caused a metamorphosis of the law officer into a military judge and creat-

---

**19.** *United States v. Charlton,* 18 U.S.C.M.A. 141, 39 C.M.R. 141 (1969).

**20.** The relevant portion of this testimony is set out verbatim in *United States v. Swartz, supra* at 408–09, n. 2.

**21.** 64 Stat. 108, later codified and enacted into law as part of title 10, United States Code, by Act of August 10, 1956 (10 U.S.C. §§ 801–940).

**22.** Paragraph 64f, Manual for Courts-Martial, US Army, 1949.

**23.** *See United States v. Johnson,* 23 U.S.C.M.A. 148, 150, 48 C.M.R. 764, 766 (1974).

**24.** *Carroll v. United States,* 354 U.S. 394, 400, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957).

**25.** *United States v. Sisson,* 399 U.S. 267, 286, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970). *Accord,* *United States v. Mersky,* 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960); *United States v. Swift & Co.,* 318 U.S. 442, 63 S.Ct. 684, 87 L.Ed. 889 (1943); *United States v. Borden Co.,* 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181 (1939).

**26.** *Carroll v. United States, supra* at 400, 77 S.Ct. 1332.

**27.** *Will v. United States,* 389 U.S. 90, 97, n.5, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

**28.** *Carroll v. United States, supra* at 407, 77 S.Ct. 1332.

**29.** P.L. 90–632, 82 Stat. 1335.

**30.** Uniform Code of Military Justice, 10 U.S.C. §§ 801–940.

ed a trial judiciary independent of the line command.[31] It appears to us to be inherently inconsistent with the action of Congress in creating an independent judicial structure [32] in the military, to strain the clear meaning of Article 62(a) to the point of permitting the *lay* convening authority to *reverse* a ruling of *law* by the trial *judge.* We decline to do so.

■ Thus, we hold that Article 62(a) of the Code authorizes the convening authority in the circumstances described to return the record to the trial court for reconsideration of a legal ruling, but that the judge to whom the record is returned is not to presume himself reversed thereby. Rather, he is charged to re-examine his prior ruling on the motion involved and to rule thereon once again, which ruling will be the product of his own, independent legal judgment.[33]

■ The decision of the US Navy Court of Military Review is reversed, and the findings and sentence are set aside. The charge is dismissed.[34]

Chief Judge FLETCHER and Judge COOK concur.

31. Article 26, UCMJ, 10 U.S.C. § 826.

32. Trial courts presided over by military judges, intermediate Courts of Military Review composed of appellate military judges (commissioned officers or civilians), and a United States Court of Military Appeals of three civilian appellate judges, constitute the judicial system created by the Code. *See* Articles 26, 66, and 67, UCMJ, 10 U.S.C. §§ 826, 866, and 867, respectively.

33. In so holding, we overrule contrary rulings in *United States v. Bielecki, supra; United States v. Frazier, supra; Lowe v. Laird, supra;* and *United States v. Boehm, supra.*

34. By dismissing, we simply give the necessarily required legal effect to the trial judge's initial ruling on the motion to dismiss, which ruling quite clearly would have been identical on proper reconsideration thereof.