**UNITED STATES, Appellee,**

v.

**Stephen L. HANSON, Private U.S. Army, Appellant.**

**No. 55765.**

**CM 447756.**

U.S. Court of Military Appeals.

Aug. 31, 1987.

For Appellant: *Captain Lorraine Lee* (argued); *Colonel Brooks B. LaGrua, Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen* (on brief).

For Appellee: *Captain Samuel J. Rob* (argued); *Colonel Norman G. Cooper* and *Lieutenant Colonel Gary F. Roberson* (on brief); *Captain Vito A. Clementi.*

*Opinion of the Court*

SULLIVAN, Judge:

During August 1985, appellant was tried by a military judge sitting alone as a general court-martial at Boeblingen, Federal Republic of Germany. In accordance with his pleas, he was found guilty of one specifica-

tion of wrongful distribution of lysergic acid diethylamide (LSD), in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. He was sentenced to bad-conduct discharge, 17 months' confinement, and partial forfeitures. Pursuant to a pretrial agreement, the convening authority reduced the term of confinement to 12 months but otherwise approved the sentence. The Court of Military Review affirmed the findings and sentence in a short-form opinion.

We granted appellant's petition for review, specifying the following issues:

## I

WHETHER THE MILITARY JUDGE COULD ORDER THAT APPELLANT'S DEFENSE COUNSEL BE REMOVED AS DETAILED COUNSEL IN THE CASE.

## II

WHETHER SUCH ACTIONS BY THE MILITARY JUDGE PLACED SUCH A CHILL UPON THE DEFENSE COUNSEL'S ABILITY TO ADEQUATELY REPRESENT APPELLANT THAT APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

We hold that the military judge's actions in the present case were authorized and did not deny appellant effective assistance of counsel.

At trial, Captain Kastenbauer, as detailed counsel, entered pleas of guilty on appellant's behalf. Appellant's responses to the providence inquiry raised a question in the military judge's mind as to whether he may have been entrapped. The judge asked Captain Kastenbauer whether he had discussed the possibility of this defense with appellant. Captain Kastenbauer informed the military judge that, although he had considered the defense, he had not fully discussed it with appellant. The following colloquy ensued:

MJ: Your pleas are not provident and they're not accepted. The issue is entrapment.

DC: Your Honor——

MJ: Captain Kastenbauer, I'm not finished.

The facts as I have them, a person who never had any dealings at all with contraband was induced by a government agent to have dealings with contraband. *I'm also inclined to view that your handling of the case thus far, Captain Kastenbauer, falls below the minimum essential standards necessary to an adequate defense and you are relieved as detailed defense counsel. Now, I'm not intending to sever the attorney-client relationship here, PFC Hanson. If you want to keep Captain Kastenbauer on the case, you talk that over with the new defense counsel that's appointed for you and one will be appointed for you by the Trial Defense Service.* So if you want to keep him on the case, you talk that over with your new defense counsel. I do not wish to separate you from the attorney-client relationship you already have. If you want to keep it, work it out and if you want to keep it and they say you can't keep him on the case, you let me know about it the next time we come into court and I'll work it out. This is not a severance of the attorney-client relationship, but in your best interest, I want you to have another shot at detailed defense counsel.

(*Emphasis added.*)

Court reconvened about 10 days later. In the interim, Captain Warner, the senior defense counsel for the local office of the Army Trial Defense Service, detailed himself as lead counsel in the case. He appointed Captain Kastenbauer as assistant defense counsel. After appellant expressed his satisfaction with both counsel, he again entered pleas of guilty.

During the second providence inquiry, appellant repudiated his entrapment defense, admitted prior involvement with the drug scene in general, and distributing drugs to an informant in the instant transaction. Captain Warner assured the mili-

tary judge that he had discussed the issue of entrapment with appellant and that both were satisfied that there was no basis for the defense.

Captain Kastenbauer actively participated in the remainder of the trial. During sentencing, he cross-examined government witnesses, presented several defense witnesses, and made the closing argument. After sentence was announced, the defense team informed the military judge that Captain Kastenbauer would be responsible for receipt of the record of trial and preparation of a response to the staff. judge advocate's recommendation. The recommendation was served on Captain Kastenbauer, who submitted a detailed two-page reply.

■ To resolve the specified issues, we start with the axiom that an accused is entitled to effective legal representation at trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). Moreover, to a somewhat lesser extent, he is constitutionally entitled to counsel of his own selection. *See generally Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed. 288 (1984); *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d. 610 (1983); *United States v. McFadden*, 19 U.S.C.M.A. 412, 42 C.M.R. 14 (1970). Finally, we have recognized that a military accused's right to counsel is broader than the right of his civilian counterpart. *United States v. Gnibus*, 21 M.J. 1, 8 (C.M.A. 1985); *United States v. Catt*, 1 M.J. 41 (C.M.A.1975); Art. 38(b), UCMJ, 10 U.S.C. § 838(b).

■ This Court has also been extremely protective of the relationship between an accused and his detailed counsel. Once counsel has been detailed and an attorney-client relationship established, that relationship may only be severed for good cause shown. *United States v. Gnibus, supra; United States v. Iverson*, 5 M.J. 440 (C.M.A. 1978); *cf. United States v. Saenz*, 18 M.J. 327 (C.M.A. 1984). While there may be some tension between this right and the right to effective counsel, we need not resolve that conflict today.

■ It must first be noted that the military judge did not sever the attorney-client relationship between appellant and Captain Kastenbauer, who remained as associate counsel and participated in appellant's defense in the subsequent sessions of trial. *See generally United States v. McFadden, supra.* His reduced status on the defense team is not a factor of constitutional proportion. *See United States v. Tavolilla*, 17 U.S.C.M.A. 395, 400, 38 C.M.R. 193, 198 (1968). Therefore, we need only determine whether the judge's assignment of additional counsel and his demotion of Captain Kastenbauer were authorized and whether these actions indirectly impaired the effectiveness of appellant's legal representation at trial.

■ A military judge has considerable responsibility for the proper administration of military justice. *See generally United States v. Thomas*, 22 M.J. 57, 58–59 (C.M.A. 1986); *United States v. Browers*, 20 M.J. 356, 360–61 (C.M.A. 1985) (Cox, J., concurring). The judge has a responsibility to raise "on his... own initiative, at all appropriate times and in an appropriate manner," any matter which may promote justice at the trial. ABA Standards, *Special Functions of the Trial Judge*, Standard 6–1.1(a) (1982). Included in this responsibility is the duty to ensure that an accused not plead guilty to an offense of which he is in fact not guilty. Art. 45, UCMJ, 10 U.S.C. § 845; *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

■ The military judge properly refused to accept appellant's pleas because his initial responses to the providence inquiry indicated facts inconsistent with guilt. *Cf. United States v. Reed*, 24 M.J. 80 (C.M.A. 1987). Moreover, those answers and counsel's comments also raised a question whether counsel had adequately investigated the facts of the case and had made a reasoned choice that further investigation was not required. The failure to make such investigation may be so serious that it renders counsel's performance constitution-

ally inadequate. *United States v. Scott, supra.* Therefore, the military judge acted within the bounds of his authority to insure a fair trial by insisting that additional counsel be detailed to represent appellant. *See Harris v. Housewright,* 697 F.2d. 202, 205 (8th Cir. 1982); *see generally McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d. 122 (1984); Schwarzer, *Dealing With Incompetent Counsel—The Trial Judge's Role,* 93 Harv.L.Rev. 633, 636–39 (1980).

■ Moreover, we have examined the record and find that the actions of the military judge had no chilling effect on the legal representation provided appellant. *See generally Fuller v. Oregon,* 417 U.S 40, 94 S.Ct. 2116, 40 L.Ed.2d. 642 (1974).

When trial resumed, Captain Kastenbauer continued as a member of the defense, and he successfully argued for a relatively lenient sentence in the face of the Government's request for the maximum punishment. Appellant points to nothing in the record which would demonstrate less than vigorous representation by this attorney or by Captain Warner. Accordingly, we conclude that, when judged by the standards of *Strickland v. Washington, supra,* appellant received effective representation of counsel.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.