UNITED STATES, Appellee,

v.

Private First Class Sese SALA, Jr., 575–78–6741, United States Army, Appellant.

ACMR 8802743.

U.S. Army Court of Military Review.

30 Oct. 1989.

For appellant: Captain Brian D. Bailey, JAGC, Captain Harry C. Wallace, Jr., JAGC, Captain Paula C. Juba, JAGC (on brief).

For appellee: Colonel A.F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Appellant was convicted, pursuant to his pleas, by a military judge sitting as a general court-martial of conspiracy to commit assault and battery and assault in which grievous bodily harm was intentionally inflicted in violation of Articles 81 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 928 (1982). His approved sentence included a bad-conduct discharge, confinement for 24 months, forfeiture of $400.00 pay per month for 24 months, and reduction to the grade of Private E1.

On appeal, appellant, through counsel, submitted the case on its merits without admission that the finding of guilty and the sentence were correct in law and fact. This court, after reading the record, was concerned about the providence of appellant's plea of guilty to the specification of Charge II (aggravated assault) and specified an issue and ordered briefs on whether the appellant's plea of guilty to the offense of assault in which grievous bodily harm is intentionally inflicted was improvident due to the military judge's erroneous advice on the law of principals, and the lack of a factual basis for a finding that appellant intentionally inflicted grievous bodily harm.

We find that the facts set forth in the providence inquiry on appellant's plea of guilty to the specification of Charge II (assault in which grievous bodily harm is intentionally inflicted) are inadequate to sustain a finding of guilty for the reasons hereinafter set forth.

## FACTS

On or about 18 September 1988, Private First Class (PFC) Iuli, a soldier of Samoan ancestry, was involved in a fight with another person. Private First Class (PFC) Carillo, a bystander at the scene of this altercation, entered the fray in aid of the other person, hit PFC Iuli in the face with a beer bottle and kicked him several times.

On 25 September 1988, PFC Iuli and Private Savusa enlisted the assistance of the appellant, also a soldier of Samoan ancestry, in seeking revenge against Carillo for the perceived wrong committed against Iuli the previous week. Because the appellant and Iuli were considered "brothers" within the Samoan culture, and even though the appellant did not know the victim, he agreed to assist them. The three men left the barracks at Fort Gordon, Georgia, and found the victim, Carillo, in the enlisted men's club. They waited until the victim went to the restroom and followed behind him. In the restroom, Savusa guarded the door while Iuli and the appellant began hitting the victim with their fists.' The appellant struck nine to ten blows. The victim, as a result of the blows, fell to the floor where Iuli continued the assault, kicking him several times in the face. The appellant pushed Iuli away from the victim and the soldiers quickly departed the restroom and the club leaving the victim, Carillo, unconscious and lying on the floor.

Carillo suffered substantial blood loss, facial lacerations, and cerebral contusions. When found, he required resuscitation to restore his breathing. He remained unconscious until 29 September 1989 and suffered partial paralysis of a portion of his face and one hand. The cerebral contusion also impaired his ability to talk and walk. On the date of trial, recovery was considered reasonably probable.

Appellant was subsequently charged with conspiracy to commit assault with intent to inflict grievous bodily harm[1] (the specification of Charge I) and assault in which grievous bodily harm is intentionally inflicted. The case was, as noted, referred for trial by general court-martial. The appellant negotiated a pretrial agreement with the convening authority in which he agreed to plead guilty to both offenses. In return, the convening authority agreed to disapprove all confinement in excess of four years but retained the right to approve any other element of the sentence that might be adjudged.

At trial, the appellant complied with the terms of the pretrial agreement insofar as his pleas were concerned and gave appropriate answers and facts to satisfy the trial judge that his plea of guilty to the offense of conspiracy to commit assault and battery was provident. However, with regard to the offense of assault in which grievous bodily harm is intentionally inflicted, the military judge correctly advised the appellant of elements of the offense and the law of principals. He further advised the appellant that when the appellant acted in concert with others, he adopted the intent of his coconspirators and that the intent of any coconspirator could be attributed to the appellant. The appellant did not specifically admit that he had the specific intent to injure or otherwise intentionally inflict grievous bodily harm upon the victim but that he only intended to beat up the victim. He specifically denied any intent to kill, damage the victim's brain, or to cause his excessive loss of blood. His factual admissions admitted only that he intended to commit the offense of assault and battery.

The well-known decision of *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969), requires with regard to guilty pleas:

> the record of trial ... must reflect not only that the elements of each offense charged have been explained to the accused but also that the military trial judge ... has questioned the accused about what he did or did not do, and what he intended (where this is pertinent), to make clear the basis for determination by the military judge ...

assault and battery as the military judge noted at trial.

---

1. Although the pleader intended to charge an aggravated assault, his efforts resulted in only charging conspiracy to commit the offense of

whether the acts or omissions of the accused constitute the offense or offenses to which he is pleading guilty....

■ A plea of guilty cannot be accepted unless it has a factual basis to support it. *United States v. Holt*, 27 M.J. 57 (C.M.A.1988). When matters are raised during the plea inquiry which appear to be inconsistent with the plea of guilty, the military judge must resolve the inconsistency or reject the plea of guilty. *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976), Article 45(a) UCMJ, 10 U.S.C. § 845(a). A military accused, unlike a civilian defendant charged with a criminal offense, may not deny his guilt and yet enter a plea of guilty. *United States v. Clark*, 26 M.J. 589 (A.C.M.R.1988).

■ The military judge must also insure that the accused does not plead guilty to an offense of which he is not guilty. *United States v. Hanson*, 24 M.J. 377 (C.M.A.1987) citing *United States v. Care, supra.* Furthermore, the Manual for Courts–Martial, United States, 1984, Part IV, paragraph 1(b)(4) [hereinafter M.C.M.], provides in part:

> When an offense charged requires proof of a specific intent or a particular state of mind as an element, the evidence must prove the accused had that intent or state of mind, whether the accused is charged as a perpetrator or an "other party" to the crime. It is possible for a party to have a state of mind more or less culpable than the perpetrator of the offense. In such a case, the party may be guilty of a more or less serious offense than that committed by the perpetrator.

The Manual also provides:

> (5) *Responsibility for other crimes.* A principal may be convicted of crimes committed by another principal *if such crimes are likely to result as a natural and probable consequence of the criminal venture or design.*

M.C.M., Part IV, paragraph 1(b)(5) (emphasis supplied).

■ With the foregoing general authorities in mind, we turn to the analysis of the facts before us. Here, the appellant was a coconspirator with his friends Iuli and Savusa. The appellant was not an aider and abettor in the legal sense but a direct participant or principal in the first degree in the assault which resulted in the alleged grievous bodily harm being inflicted upon the victim, Carillo. The military judge's instruction to the appellant that when the appellant acted in concert with others, he adopted the specific intent of his coconspirators including the specific intent to inflict grievous bodily harm was incomplete on its face.

We need not decide in this case whether an appellant may plead guilty under the doctrine of vicarious criminal liability without specifically admitting that he possessed, at time of the commission of the assault, the specific intent to intentionally inflict grievous bodily harm. In this case, the trial judge's explanation of that element was not complete. The military judge failed to receive an admission that any of the coconspirators possessed such an intent and further failed to gain an admission from the appellant that the alleged infliction of grievous bodily harm was the natural and probable consequence of the conspiratory acts agreed and committed by the parties. *See United States v. Jackson*, 19 C.M.R. 319, 332 (C.M.A. 1955).

The stipulation of fact admitted and the appellant's responses during the providence inquiry only establish that the appellant had agreed to assist his friend, Iuli, in "beating up" the victim. Thus, the inquiry reveals no more than an intent to commit the offense of assault and battery.

Accordingly, the military judge committed prejudicial error in accepting appellant's plea of guilty to the specification of Charge II (assault in which grievous bodily harm is intentionally inflicted) without receiving an admission during the providence inquiry that the appellant at the time of assault, possessed the intent to intentionally inflict grievous bodily harm upon the victim.

We have carefully considered the allegation of error personally asserted by the

appellant under *United States v. Grostefon*, 12 M.J. 431, 436 (C.M.A.1982) and find the issue moot in view of our action based on the error noted above.

The finding of guilty of the specification of Charge II (assault in which grievous bodily harm is intentionally inflicted) is set aside. The remaining finding of guilty is affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on the specification of Charge II and the sentence. If the convening authority determines that a rehearing on that charge is impracticable, he may approve a finding of guilty of the lesser included offense of assault and battery and order a rehearing on the sentence only.

Judge KANE and Judge WERNER concur.