**UNITED STATES, Appellee,**

v.

**Private First Class Sese SALA, Jr., 575–78–6741, United States Army, Appellant.**

**ACMR 8802743.**

U.S. Army Court of Military Review.

23 April 1990.

For Appellant: Captain Brian D. Bailey, JAGC, Captain Patricia D. White, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC.

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

DeFORD, Acting Chief Judge:

The case is before this court after remand for further proceedings. The appellant was convicted, pursuant to his pleas, of conspiracy to commit assault and battery and assault in which grievous bodily harm was inflicted, violations of Articles 81 and 128 of the Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 928 (1982) [hereinafter UCMJ]. His approved sentence included a bad-conduct discharge, confinement for twenty-four months, forfeiture of $400.00 pay per month for twenty-four months, and reduction to the grade of Private E1.

Although the case was originally submitted on its merits, this court determined on the initial appeal that the appellant's plea to the offense of aggravated assault (assault in which grievous bodily harm was intentionally inflicted) was improvident. *United States v. Sala*, 29 M.J. 716, 719 (A.C.M.R.1989). Accordingly, we affirmed the appellant's conviction for conspiracy, but set aside his conviction for aggravated assault and the sentence. We authorized a rehearing on the charge but further authorized the convening authority to approve a finding of guilty of the offense of assault and battery as a lesser included offense of aggravated assault if he determined that a rehearing was impracticable. Finally, we directed a rehearing on the sentence.

The record of trial was transmitted to the general court-martial convening authority on 22 November 1989. On 7 December 1989, the convening authority determined that a rehearing on the charge of aggravated assault was impracticable and, as authorized, approved a finding of guilty of the lesser included offense of assault and battery and authorized a rehearing on sentence. The convening authority determined on 26 January 1990, that a sentencing rehearing was impracticable and approved a request submitted by the appellant for discharge for the good of the service as otherwise authorized by Army regulations.[1] No rehearing on sentence was

---

1. The practical effect of the convening authori- ty's final action was that the appellant at that

ordered by the convening authority or thereafter held in the case. The convening authority did not approve a sentence of no punishment.

 The convening authority had no independent authority to act upon the findings and sentence in this case. *See* Article 60, UCMJ, 10 U.S.C. § 860; *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A.1989). His authority and power to act here was delegated by virtue of the order of this court dated 30 October 1989. Accordingly, he could only act within the scope of the authority granted to him by that order. The convening authority's acceptance of the appellant's request for discharge for the good of the service under Chapter 10, Army Regulation 635–200, was an action the convening authority was authorized to take under Army Regulations, and that action has no effect on the findings of guilty approved and affirmed. *Id.* at 45. However, when the convening authority decided that a rehearing on sentence was not practicable, he should have approved a sentence of no punishment even though that specific action was not contemplated or set forth in this court's order as authorized by the Manual for Courts–Martial, United States, 1984. *See United States v. Montesinos*, 28 M.J. at 43. Rather than protract the litigation in this matter, we will, in the interest of justice, affirm the finding of guilty of the Specification of Charge II of assault and battery in violation of Article 128, UCMJ. We will also initiate and affirm a sentence of no punishment. *See United States v. Montesinos*, 28 M.J. at 47.

Accordingly, the finding of guilty of the Specification of Charge II as approved by the convening authority on 7 December 1989 is affirmed. Our decision of 30 October 1989 affirmed the finding of guilty of the Specification of Charge I. That decision remains in effect. On the basis of the entire record to include the failure of the convening authority to hold a sentence re-

hearing, the court affirms a sentence of no punishment.

It is so ordered.

Judge KANE and Judge WERNER concur.

---

time had received an *affirmed* finding of guilty of conspiracy to commit assault with intent to commit grievous bodily harm in violation of Article 81 UCMJ, and an *approved* finding of guilty of assault and battery in violation of Article 128, UCMJ, and *no sentence for either* offense.