# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

―――――――――――――

### No. 201300341

―――――――――――――

### UNITED STATES OF AMERICA
Appellee

v.

### CHRISTOPHER A. QUICK
Sergeant (E-5), U.S. Marine Corps
Appellant

―――――――――――――

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Chris Thielemann, USMC.
Convening Authority: Commanding General, 3d Marine Aircraft
Wing, Marine Corps Air Station Miramar, San Diego, CA.
Staff Judge Advocate's Recommendation: Lieutenant Colonel K.C.
Harris, USMC.
For Appellant: Major David A. Peters, USMCR.
For Appellee: Captain Brian L. Farrell, USMC; Captain Sean M.
Monks, USMC.

―――――――――――――

Decided 30 March 2018

―――――――――――――

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

―――――――――――――

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

―――――――――――――

HUTCHISON, Senior Judge:

A panel of officer and enlisted members sitting as a general court-martial convicted the appellant, contrary to his pleas, of conspiring to distribute an indecent visual recording, wrongfully viewing an indecent visual recording, and indecent conduct in violation of Articles 81, 120c, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 920c, and 934 (2012). The

convening authority (CA) approved the adjudged sentence of six months' confinement, reduction to paygrade E-3, and a bad-conduct discharge. In a previous published opinion, we set aside and dismissed the appellant's conviction for wrongfully viewing an indecent recording but affirmed the appellant's remaining convictions. *United States v. Quick*, 74 M.J. 517 (N-M. Ct. Crim. App. 2014), *aff'd*, 74 M.J. 332 (C.A.A.F. 2015). We also set aside the sentence and authorized a new sentencing hearing.

## I. BACKGROUND

Following remand, the CA issued a letter to the Trial Counsel in which he withdrew and dismissed the remanded charges and stated that he had approved the appellant's Request for Separation in Lieu of Trial.[1] When the case returned to us we specified two issues: 1) Did the CA have the authority to withdraw and dismiss the affirmed findings in this case; and 2) if the CA exceeded his authority, what is the appropriate relief?

## II. DISCUSSION

The appellant and the government agree that the CA's purported withdrawal and dismissal of affirmed findings exceeded the scope of his mandate. We also agree.

The CA "loses jurisdiction of the case once he has published his action[.]" *United States v. Montesinos*, 28 M.J. 38, 42 (C.M.A. 1989). "At that point, the 'only further contact that the convening authority has with the case occurs in the event of a remand[.]'" *United States v. Carter*, 76 M.J. 293, 295-96 (C.A.A.F. 2017) (quoting *Montesinos*, 28 M.J. at 42). But, "when acting on remand, a convening authority may still only take action that conforms to the limitations and conditions prescribed by the remand." *Id.* at 296 (citation and internal quotation marks omitted).

Here the CA was authorized to conduct a rehearing on the sentence, nothing more. The appellant's criminal convictions—affirmed by this court— were final and the CA had no authority to dismiss them. As a result, the CA's action purporting to withdraw and dismiss the affirmed findings of guilty is invalid and therefore, set aside. Thus, the findings of guilty to conspiring to distribute an indecent visual recording and indecent conduct in violation of Articles 81 and 134, UCMJ, as originally affirmed in our previous opinion, remain.

Where excessive action by a CA impacts affirmed findings, appellate courts have affirmed sentences of no punishment where doing so is consistent

---

[1] CG, 3d Marine Aircraft Wing ltr 5814 Ser SJA of 17 Mar 16. On 30 July 2016, the appellant was discharged "Under Other than Honorable Conditions." DD Form 214.

with the entire record and is in the interests of justice. *United States v. Sala,* 30 M.J. 813, 815 (A.C.M.R. 1990) ("Rather than protract the litigation in this matter, we will, in the interest of justice . . . affirm a sentence of no punishment.") (citation omitted); *see also United States v. Montesinos,* 24 M.J. 682, 686 (A.C.M.R. 1987), *aff'd* 28 M.J. 38 (C.M.A. 1989) (voiding CA's remedial action purporting to dismiss affirmed findings and affirming a sentence of no punishment following the appellant's administrative discharge).

We can infer from the record that the CA, by agreeing to administratively separate the appellant, did not desire to approve any punishment. Accordingly, we conclude a sentence of no punishment is consistent with the record and the interests of justice.[2]

### III. CONCLUSION

The findings of guilty to Charge I and its specification and to Charge IV and its specification having already been affirmed, a sentence of no punishment is affirmed.

Judge FULTON and Judge SAYEGH concur.

For the Court

R.H. TROIDL
Clerk of Court

---

[2] Both the appellant and the government agree that affirming a sentence of no punishment is appropriate in this case. *See* Appellant's Brief of 21 Feb 2018 at 8; Appellee's Brief of 6 Mar 2018 at 5.