UNITED STATES, Appellee

v.

JOE W. GREER, Corporal U. S. Army, Appellant

3 USCMA 576, 13 CMR 132

No. 3155

Decided December 31, 1953

Lᴛ Cᴏʟ Herman P. Goebel, Jr., U. S. Army, and 1sᴛ Lᴛ David J. Conroy, U. S. Army, for Appellant.

Lᴛ Cᴏʟ Paul J. Leahy, U. S. Army, for Appellee.

### Opinion of the Court

Rᴏʙᴇʀᴛ E. Qᴜɪɴɴ, Chief Judge:

Corporal Joe W. Greer, Corporal Earl W. Hill and Private Eddie C. Powell were convicted by general court-martial in Korea of assault with a dangerous weapon in violation of Article 128, Uniform Code of Military Justice, 50 USC § 722. Each was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The convening authority approved the findings and sentences, but suspended execution of the punitive discharges until their release from confinement or until completion of appellate review, whichever is later. Following affirmance by a board of review each accused petitioned this Court for grant of review. Finding no merit in any of the assignments of error advanced by Corporal Hill and Private Powell, we denied their petitions. However, we granted the petition of the accused, Corporal Greer, to determine whether his privilege against self incrimination was violated by requiring him to submit to a voice identification test during the course of the trial.

The evidence clearly established that three soldiers committed an unprovoked and vicious assault upon the victim, Corporal White, in the manner and by the means alleged. It further established the participation of Corporal Hill and Private Powell in this crime. The principal issue at the trial was the identification of the accused, Corporal Greer. On this issue, the victim testified that while he was in the hospital, agents of the Criminal Investigation Division brought Greer to his room. However, he was unable to identify him as one of his assailants. Eleven days after the incident, and following his release from the hospital, he heard Greer talking in the mess hall and recognized his voice as that of one of his assailants. At this point in the trial, the following colloquy took place:

**577**

"TC: I would like Corporal Joe Greer to speak so his voice can be heard.

LO: Greer, please speak—

DC: The defense objects at this point.

LO: The objection by the defense is overruled.

Greer, will you please read—come here, please. Just—please read this one sentence, right here, the top sentence.

ACCUSED GREER: The Manual for Courts-Martial, United States Army —United States 1951, may be cited as MCM 1951.

LO: That is sufficient.

Q. Now you recognized that voice plus his looks as being the same man?

A. I do, sir."

Referring to the privilege against self incrimination secured by the Fifth Amendment to the Constitution, and Article 31 of the Code, supra, 50 USC § 602, paragraph 150b, Manual for Courts-Martial, United States, 1951, provides:

"The prohibition against compelling a person to give evidence against himself relates only to the use of compulsion in obtaining from him a verbal or other communication in which he expresses his knowledge of a matter and does not forbid compelling him to exhibit his body or other physical characteristics as evidence when such evidence is material. . . . [T]he prohibition is not violated by requiring a person (including an accused) . . . to utter words for the purpose of voice identification. . . ."

This provision seems to justify the demand made upon the accused in this instance. And, since the Code and the Manual generally occupy the same level of authority, we are required to approve the action of the law officer, unless the above provision conflicts with the Code. If there is a conflict with ▮▮▮▮▮ ▮ the Code, the latter prevails. United States v. Clark, 1 USCMA 201, 2 CMR 107; United States v. Wappler, 2 USCMA 393, 9 CMR 23.

An accused may be subjected to certain tests to determine his complicity in a crime. It has been held that it is not a violation of the privilege against self incrimination to require an accused to submit to fingerprinting, People v. Jones, 112 Cal App 68, 296 Pac 317; place his foot in a footprint, Magee v. State, 92 Miss 865, 46 So 529; submit to an examination of his person for scars, O'Brien v. State, 125 Ind 38, 25 NE 137; or try on a garment to determine its fit, Holt v. United States, 218 US 245, 54 L ed 1021, 31 S Ct 2, 20 Ann Cas 1138. On the other hand we have held that requiring an accused to print letters of the alphabet is definitely a violation of his privilege against self incrimination and is proscribed by Article 31 of the Uniform Code of Military Justice. To require the accused to furnish a sample of his own handwriting is also prohibited. These actions require the accused to exercise both his mental and physical faculties to assist in his own conviction. He is protected against this by both the Constitution and the Code. United States v. Rosato 3 USCMA 143, 11 CMR 143; United States v. Eggers, 3 USCMA 191, 11 CMR 191.

In the case at bar, identification of the accused depended almost entirely upon recognition of his ▮▮▮▮▮▮ ▮ voice. When upon cross-examination, the establishment of this fact obviously weakened Corporal White's testimony, the prosecution tried desperately to rehabilitate it by demonstrating certain characteristics of the accused's voice. The accused was called upon to read a passage from the Manual for Courts-Martial. He was required to exercise both his mental and physical faculties. Article 31 of the Uniform Code of Military Justice guarantees the accused the right to remain silent. However, the law officer compelled him, over his counsel's objection, to assist the witness to identify him by the use of his own voice. See United States v. Williams, 2 USCMA 430, 9 CMR 60; United States v. Phillips, 2 USCMA 534, 10 CMR 32. According to the standards laid down

in Rosato and Eggers, supra, this action violated the privilege against self incrimination. State v. Taylor, 213 SC 330, 49 SE2d 289; Beachem v. State, 144 Tex Cr R 272, 162 SW 2d 706.

The quoted provision of paragraph 150b of the Manual, supra, relating to the propriety of voice identification tests, is in conflict with the Code, and must be disregarded.

The accused was deprived of a right secured by the Constitution of the United States and the Uniform Code of Military Justice. Material prejudice resulted as a matter of law. United States v. Clay, 1 USCMA 74, 1 CMR 74.

The decision of the board of review is reversed, and rehearing is ordered.

While this appeal was pending, the accused submitted a petition for new trial in accordance with Article 73, Uniform Code of Military Justice, 50 USC § 660. Since the errors of which he complains are not likely to occur upon the rehearing, a discussion thereof is considered unnecessary. In view of the conclusion reached upon this appeal, the relief sought in his petition has been granted. Accordingly, the petition for new trial is dismissed.

Judges LATIMER and BROSMAN concur.