UNITED STATES, Appellee

v

WILLIAM H. CECIL, Private E–1, U. S. Army, Appellant

10 USCMA 371, 27 CMR 445

No. 12,376

Decided April 24, 1959

*First Lieutenant Thomas J. Simmons* argued the cause for Appellant, Accused. With him on the brief was *Captain Arnold I. Melnick.*

*First Lieutenant Wade H. Sides, Jr.,* argued the cause for Appellee, United States. With him on the brief was *Major Thomas J. Nichols.*

*Major Fred C. Vowell,* USAF, argued the cause for Amicus Curiae. With him on the brief was *Lieutenant Colonel Robert W. Michels,* USAF.

## Opinion of the Court

HOMER FERGUSON, Judge:

Upon his pleas of guilty, the accused was convicted by general court-martial of absence without leave and larceny of a motor vehicle, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886 and 921, respectively. The court-martial adjudged a sentence of dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The convening authority mitigated the sentence to a bad-conduct discharge, total forfeitures, and confinement at hard labor for one year. He ordered execution of the punitive discharge "suspended until the accused's release from confinement or until completion of appellate review, whichever is the later date." A board of review in the office of The Judge Advocate General of the Army affirmed the sentence without modification.

This Court granted the accused's petition for review to consider a single assignment.

Whether the nonprobationary type suspension is illegal.

In substance, this question is the same as that decided this day in United States v May, 10 USCMA 358, 27 CMR 432. There we held:

". . . Once a convening authority so empowered, undertakes to suspend any portion of a sentence, such suspension—without reference to the language employed or omitted—constitutes the accused a probationer whose status may be changed only after a full hearing."

372

In that case, we were confronted with a sentence which included a punitive discharge and partial forfeitures. The Manual for Courts-Martial, United States, 1951, contains no provision for a suspension in such a case. However, the Manual has this to say about suspensions such as that awarded in the instant case:

"If the approved sentence involves a dishonorable or bad conduct discharge and confinement, the convening authority may determine that the execution of the punitive discharge should be suspended to the end that the accused may have the opportunity of redeeming himself in the military service, but that the execution of the confinement should not be suspended. In such a case, he may suspend the execution of the punitive charge until the release of the accused from confinement, or for a definite period thereafter, and provide in his action for the automatic remission of the suspended sentence as indicated in the preceding subparagraph. *However, the convening authority may suspend the execution of the dishonorable or bad conduct discharge until the release of the accused from confinement without providing for an automatic remission of the suspended portion. In such a case, when the accused is released from confinement, the necessary administrative action may be taken to effect the punitive discharge without the publication of further court-martial orders and without a hearing under the provisions of Article 72.*" [Manual for Courts-Martial, supra, paragraph 88e(2)(b).]

It is evident that the convening authority's action here was made upon the basis of the italicized portion of the foregoing provision.

Both the convening authority's action, and the Manual provision upon which it is based, were predicated upon a misconception of Article 72 of the Code, supra, 10 USC § 872. That Article establishes but a single type of suspension, that is, one which constitutes the accused a probationer. It contemplates full restoration at the completion of the period of probation fixed in the action, unless it is determined *after a hearing* that the accused has violated his probation.

It follows from this that the italicized portion of paragraph 88e(2)(b) of the Manual, supra, conflicts with Article 72 of the Uniform Code, supra, and is therefore invalid. United States v Rosato, 3 USCMA 143, 11 CMR 143; United States v Eggers, 3 USCMA 191, 11 CMR 191; United States v Greer, 3 USCMA 576, 13 CMR 132.

Moreover, since the probationary period had not expired at the time the board of review acted, and since there is no indication that the accused's military superiors are presently planning to order execution of the bad-conduct discharge without the type of hearing demanded by the Code, the accused has not been, and will not be—in view of the decision in United States v May, supra—prejudiced.

The findings of guilty and the sentence, as modified below, are affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

Although the majority affirms the findings and sentence below, implicit in the Court's decision in the case at bar is the advice that accused is a probationer who must be restored to duty unless it is determined at a subsequent hearing that he has been guilty of misconduct in violation of his "probation" during the period of suspension. My views on this matter are set out in my dissenting opinion in United States v May, 10 USCMA 358, 27 CMR 432, this day decided. For the reasons therein expressed, I must dissent from this advisory suggestion.