UNITED STATES, Appellee

v

JOE F. HOLZHUTER, Private E-2, U. S. Army, Appellant

10 USCMA 374, 27 CMR 448

No. 12,510

Decided April 24, 1959

*First Lieutenant Thomas J. Simmons* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Ralph Herrod* and *Captain Arnold I. Melnick.*

*First Lieutenant Wade H. Sides, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel James G. McConaughy* and *Major Thomas J. Nichols.*

## Opinion of the Court

HOMER FERGUSON, Judge:

In this case, the accused was convicted by general court-martial of bigamy and forgery, in violation of Articles 134 and 123, respectively, Uniform Code of Military Justice, 10 USC §§ 934 and 923. He was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The convening authority approved the sentence, but suspended execution of the punitive discharge until completion of appellate review or the accused's release from confinement, whichever is later. The

board of review held this type of suspension valid under the provisions of the Manual for Courts-Martial, United States, 1951.

We granted the accused's petition for review to determine whether "The nonprobationary type suspension given the accused is illegal" and "Whether the current Army policy on sentence suspension impinges on the discretionary sentence powers granted to convening authorities by law."

In United States v Cecil, 10 USCMA 358, 27 CMR 432, decided this date, we

**374**

held that portion of the Manual relied on by the board to be invalid for it conflicts with Article 72 of the Code, which "establishes but a single type of suspension, that is, one which constitutes the accused a probationer. It contemplates full restoration at the completion of the period of probation fixed in the action, unless it is determined *after a hearing* that the accused has violated his probation."

However, since the probationary period had not expired at the time the board of review acted, and since there is no indication that the accused's military superiors are presently planning to order execution of the punitive discharge without the type of hearing demanded by the Code, the accused has not been, and will not be, prejudiced. See United States v May, 10 USCMA 358, 27 CMR 432.

In view of the conclusion we reach with respect to the first issue, there is no necessity for further consideration of the second issue.

The findings of guilty and the sentence, as modified below, are affirmed.

Chief Judge QUINN concurs:

LATIMER, Judge (dissenting):

I dissent.

In still another case involving the suspension of a punitive discharge, the majority affirms the findings and sentence below, but in effect requires military authorities to prove accused has breached unidentified conditions of a status of probation created by this Court—a status admittedly not within the contemplation of the parties—before he can be separated from the service as a result of his sentence.

For the reasons expressed in my dissenting opinion in United States v May, 10 USCMA 358, 27 CMR 432, decided this day, I must disagree.