UNITED STATES, Appellee

v

JERRY L. BROWN, Private,
U. S. Marine Corps, Appellant

10 USCMA 536, 28 CMR 102

No. 13,149

Decided July 15, 1959

*Lieutenant Colonel E. W. Johnson,* USMC, represented Appellant, Accused.

*Commander Craig McKee,* USN, represented Appellee, United States.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of three specifications alleging larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and was sentenced to a bad-conduct discharge, confinement at hard labor for one and a half years and total forfeitures. The

convening authority approved the punitive discharge and total forfeitures but reduced the confinement to six months. He ordered the sentence executed, suspending the punitive discharge "for the period of confinement or completion of appellate review, whichever is the later date."

Following affirmance by the board of review, the accused petitioned this Court for review, contending that the uncertainty of the period of probation and the omission of conditional remittance in the suspended portion of the sentence prejudice his substantial rights. In support of this contention he invites our attention to SECNAV Notice 5816 wherein the Secretary of the Navy promulgated directions to all subordinate commanders announcing that this Court's decision in United States v May, 10 USCMA 358, 27 CMR 432, shall be given only prospective effect. The directive further declares that no hearings need be held prior to the execution of punitive discharges in cases in which the convening authority's action was taken prior to the release of the *May* opinion.

The convening authority's action in the instant case directed execution of a portion of the sentence. Under Article 71(c) of the Code, supra, this could not be done unless the punitive discharge was suspended. The action; therefore, did not create the "technical suspension" referred to in United States v

May, supra. Rather, it resulted in the status of probation contemplated by Article 72(a) and the punitive discharge cannot be ordered executed without the hearing therein provided.

The "technical suspension" alluded to in *May* occurs only when no portion of the sentence is carried into execution and the order of suspension is no more than an order withholding the order of execution.

It follows from this that the punitive discharge adjudged in the instant case can not be carried into execution without conducting the hearing required by Article 72(a) of the Code, supra. With this understanding the accused's petition for review is denied.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

I agree that accused's petition for grant of review should be denied. However, for the reasons I set forth in my separate opinions in United States v May, 10 USCMA 358, 27 CMR 432; United States v Cecil, 10 USCMA 371, 27 CMR 445; United States v Holzhuter, 10 USCMA 374, 27 CMR 448; and United States v De Vore, 10 USCMA 375, 27 CMR 449, I must dissociate myself from the remainder of the instant opinion.