UNITED STATES, Appellee

v

SELMA TURNIPSEED, JR., Private First Class,
U. S. Army, Appellant

20 USCMA 137, 42 CMR 329

No. 22,880

November 13, 1970

*Captain Richard A. Cooper* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain Howard L. Kaplus,* and *Captain Raymond A. DiLuglio.*

*Captain Thomas W. Phillips* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain William R. Steinmetz.*

## Opinion of the Court

FERGUSON, Judge:

We granted review in this case to determine whether the law officer prejudiced the accused's right to silence by directly questioning him and eliciting incriminating responses in connec-

tion with the defense motion to dismiss for lack of speedy trial.

After the court-martial was convened, defense counsel requested an out-of-court hearing at which he moved to dismiss all charges and specifications on the ground that the appellant had been denied his right to a speedy trial as provided for in Articles 10 and 33, Uniform Code of Military Justice, 10 USC §§ 810 and 833.[1] The main contention of the defense was that the appellant had not been informed of the charges against him from the date of his confinement on April 15, 1969, until May 14, 1969, the day that charges were preferred; that because of the delay, he was unaware of the charges and consequently hampered in acquiring the necessary assistance in his defense. The case was not brought to trial until July 7, 1969. The total overall time in confinement awaiting trial was eighty-three days.

A witness for the Government, in explaining the delay, testified that although he was informed of Turnipseed's confinement on April 15th, and knew the general nature of the basis for confinement, it was not until May 14th that he possessed sufficient information on which to initiate charges against the appellant.

Following argument of counsel, the law officer, without any preliminary advice, directly addressed the appellant and questioned him relative to the charges and his knowledge of the manner in which the bases for these charges were obtained. By his responses, the appellant disclosed that he was aware of the reason why he had been confined.

Although finding that Articles 10 and 33 of the Code, supra, were violated in this case, the law officer denied defense counsel's motion. In explaining the basis for his denial, the law officer stated:

". . . Now, I am also taking into consideration the accused had to know what he was charged with in substance if not in detail. He knew he had possession of a false pass. He knew he possessed a false ID card. He knew he was absent without leave whether it would be for numerous periods or for individual periods. He was aware of all this at the time he was put in the stockade. *He indicated he was aware of it.*" [Emphasis supplied.]

It is apparent that the law officer utilized statements against interest, elicited from the appellant without a warning, when ruling on the motion. By his action, he forced the appellant to become a witness against himself in violation of well-established constitutional and statutory rights. United States Constitution, Fifth Amendment; Article 31, Code, supra, 10 USC § 831. Cf. United States v Russell, 15 USCMA 76, 35 CMR 48 (1964).

The burden is on Government to prove that the appellant was not prejudiced by the delay (United States v Brown, 10 USCMA 498, 28 CMR 64 (1959); United States v Keaton, 18 USCMA 500, 40 CMR 212 (1969), and cases cited at page 504), and the appellant is under no obligation to aid

---

[1] "Art. 10. **Restraint of persons charged with offenses.**

"Any person subject to this chapter charged with an offense under this chapter shall be ordered into arrest or confinement, as circumstances may require; but when charged only with an offense normally tried by a summary court-martial, he shall not ordinarily be placed in confinement. When any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him."

"Art. 33. **Forwarding of charges**

"When a person is held for trial by general court-martial the commanding officer shall, within eighty days after the accused is ordered into arrest or confinement, if practicable, forward the charges, together with the investigation and allied papers, to the officer exercising general court-martial jurisdiction. If that is not practicable, he shall report in writing to that officer the reasons for delay."

the Government in obtaining his conviction. United States v Russell, supra. More fundamental to the issue at hand is the basic right of one accused of an offense not to speak at all. Article 31, Code, supra. As the Chief Judge, writing for the Court in a related matter, said in United States v Phillips, 2 USCMA 534, 536, 10 CMR 32 (1953):

> "It is important to note that the protection granted by Article 31 of the Code, supra, goes further than a literal prevention of compulsory self-incrimination. The accused is protected by the Article in question from being required to testify in any manner."

Failure to object to the questioning cannot be considered as waiver. United States v Phillips, supra. Nor does the appellant's subsequent plea of guilty deprive him of consideration of the issue on appeal. United States v Keaton, supra; United States v Schalck, 14 USCMA 371, 34 CMR 151 (1964). This case is sufficiently similar to that found in United States v Greer, 3 USCMA 576, 13 CMR 132 (1953), to dictate the same result. See also United States v Clay, 1 USCMA 74, 1 CMR 74 (1951). While reversal of the conviction is required, dismissal of the charges does not automatically follow. Cf. United States v Schalck, supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge DARDEN concurs.

QUINN, Chief Judge (dissenting):

During argument on the motion to dismiss, defense counsel represented that the accused "was not told the nature of the offenses in this case." In context, I think the statement can fairly be construed as a representation of fact predicated upon information provided by the accused, not other witnesses or other sources. In other words, it constituted a representation of fact to the same extent as if the accused had himself said: "I was not told the nature of the offenses in this case." Cf. United States v Cambridge, 3 USCMA 377, 383, 12 CMR 133 (1953). As I view the situation, the accused opened the door to personal inquiry into the circumstances of his contention. Consequently, the law officer did not, in my opinion, err in questioning the accused as to the details of his asserted lack of knowledge. United States v Babbidge, 18 USCMA 327, 40 CMR 39 (1969); United States v Hayes, 19 USCMA 60, 41 CMR 60 (1969). As the law officer observed to the accused and counsel, the information he sought was only "to aid . . . [him] in ruling on this motion" and the information would "never come to the attention of the court" unless it was otherwise "brought out by proper evidence."

In any event, even if I am wrong in my conclusion as to the propriety of the law officer's inquiry, reversal of the accused's conviction is not proper at this time. The matter concerned a motion to dismiss which was held outside of the hearing of the court members and which had nothing to do with the accused's guilt or innocence. Thus, the error affected only the disposition of the motion. I would, therefore, remand the case to a military judge for reconsideration of the motion to dismiss; if the judge determines that the motion should be granted, he may then set aside the findings of guilty and the sentence and dismiss the charges, but if he determines that the motion should be denied, the conviction may stand and only his ruling will be subject to further review. United States v DuBay, 17 USCMA 147, 37 CMR 411 (1967).