**UNITED STATES**

v.

**Frank T. NEWTON, Jr., 295 52 9110 Boiler Technician Fireman Recruit (E–1) U. S. Navy.**

**NCM 75 1421.**

U. S. Navy Court of Military Review.

29 July 1975.

LT Lawrence S. Smith, JAGC, USNR, Appellate Defense Counsel.

LTCOL P. N. Kress, USMC, Appellate Government Counsel.

## DECISION

FULTON, Judge:

Appellant was convicted, contrary to his plea, of four specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The special court-martial judge sentenced him to a bad conduct discharge, to confinement at hard labor for five months, and to forfeit $228.00 pay per month for five months. Intermediate reviewing authorities approved the sentence.

After the accused testified on the merits, and after he was excused from the witness stand the following occurred:

"TC: At this time the government requests that the accused be recalled to the stand for additional recross-examination.

MJ: Newton, would you resume the witness stand.

The accused resumed his seat in the witness stand.

MJ: Newton, you are reminded that the oath you took previously still applies.

ACC: Yes, sir.

RECROSS–EXAMINATION

Questions by the prosecution:

Q. Fireman Recruit Newton, you have entered into a stipulation that no records exist of you being given transportation, or Technical Arrest Orders, or anything else in 1973, between 13 October 1973, and 17 January 1974, how do you explain that, is it simply a question of you getting the wrong year?

A. Yeah.

Q. And, with respect to the Specification concerning the alleged absence between 29 August, and 4 September 1974, do you still maintain, after seeing the OCR form, the document from your service record that the judge showed you, after seeing the quarter-deck log, and after entering into a stipulation that you were given a TR on 3 September 1974, you still maintain that you were not an unauthorized absentee from the Naval Support Activity during that period of time?

A. I would say that I don't even remember it, it must be, because you have the facts, but I don't have any recollection at all, and that's why I plead not guilty the first time.

TC: Very well.

DC: The defense has nothing, Your Honor.

MJ: You may resume your seat." (R.24).

 The Manual for Courts-Martial and the Fifth Amendment to the United States Constitution prohibits the compelled testi-

mony of an accused against himself.[1] *See* United States Constitution Amendment V; MCM 1969 (Rev.), par. 150b. Such right against compulsory self-incrimination is firmly rooted in the groundwork of our judicial system.

"By the Act of Congress of March 16, 1878, c. 37, it is provided that upon criminal trials and proceedings before not only 'United States courts' and 'Territorial courts,' but also 'courts-martial and courts of inquiry,' the accused 'shall, at his own request, but not otherwise, be a competent witness. And'—it is added— 'his failure to make such request shall not create any presumption against him.' An accused person thus may, at his option, take the stand as a witness, but in so doing he occupies no exceptional status, and becomes subject to cross-examination. . . ." *Winthrop's Military Law and Precedents*, p. 335 (2nd Ed. 1920).

▆ Did the trial defense counsel's failure to object constitute waiver? We decline to apply the doctrine of waiver, *United States v. Turnipseed*, 20 U.S.C.M.A. 137, 42 C.M.R. 329 (1970).

The Manual for Courts-Martial, 1969 (Revised Edition) provides in paragraph 154d:

"d. Waiver of objections. The prosecution or the defense may in court either orally or in writing waive an objection to the admissibility of offered evidence. Unless otherwise indicated by a specific principle of law, such a waiver adds nothing to the weight of the evidence or to the credibility of its source. The military judge or the president of a special court-martial without a military judge may as a matter of discretion refuse to accept, and may permit the withdrawal of, any such waiver. There is no prescribed form for making a waiver. Thus, if it clearly appears that the defense or prosecution understood its right to object, any clear indication on its part that it did not desire to assert that right may be regarded as a waiver of that objection. A waiver

of an objection does not, however, operate as an express consent if an express consent is required, and a mere failure to object does not amount to a waiver with respect to the admissibility of evidence except as otherwise stated or indicated in this manual."

We believe an express consent was required and that the record fails to reveal the considered and informed election on the part of defense counsel sufficient to waive objection to the testimony elicited. *See United States v. Miasel*, 8 U.S.C.M.A. 374, 24 C.M.R. 184 (1957); *United States v. Watson*, No. 75 0385 (N.C.M.R. 24 April 1975).

We now assess the error for prejudice, UCMJ, Art. 59(a). As to the absence from 13 October 1973 to 17 January 1974 (specification 1), the appellant testified when originally called to the witness stand by defense counsel that he surrendered at the Reserve Center at Toledo, Ohio, in mid December 1973 and was issued a Travel Request. (R.15–16). After a brief recess, appellant was permitted to withdraw his plea of guilty to specification 4 when defense counsel represented, "we have information that indicates that the accused was apparently present in Toledo at that time and was issued a TR to Philadelphia" (R.22). Specification 4 alleged an absence from 24 September 1974 to 27 January 1975. Next the military judge accepted a stipulation that the Reserve Center, Toledo, keeps a record of all expended Travel Requests. The Command record showed a Request was issued to appellant on 18 December *1974*. There was no indication one was issued "between 13 August 1973 and 17 January 1974." The stipulation clearly raised the likelihood appellant's surrender occurred in 1974 instead of 1973.

The tainted cross-examination clarifying appellant's initial testimony reflected:

"Q. Fireman Recruit Newton, you have entered into a stipulation that no records exist of you being given transportation, or Technical Arrest Orders, or

---

1. An accused may elect to testify on the merits of the charges placed against him, or he may remain silent. *United States v. Stivers*, 12 U.S. C.M.A. 315, 30 C.M.R. 315 (1961).

anything else in 1973, between 13 October 1973, and 17 January 1974, how do you explain that, is it simply a question of you getting the wrong year?

A. Yeah."

As a result the military judge found that the absence alleged in Specification 4 terminated on 18 December 1974 vice 27 January 1975 as alleged. Under these circumstances, we find no prejudice from this portion of the compelled testimony because it clarified and bolstered the appellant's testimony that he surrendered in December. The stipulation established the particular year.

The remaining portion of the poisoned cross-examination concerned Specification 3 which alleged an absence from 29 August to 4 September 1974. Appellant had denied he was absent on these dates on direct examination (R. 18). The stipulation previously mentioned also indicated that a Travel Request was issued on 3 September 1974. The untimely cross-examination by trial counsel elicited the following:

"Q. And, with respect to the Specification concerning the alleged absence between 29 August, and 4 September 1974, do you still maintain, after seeing the OCR form, the document from your service record that the judge showed you, after seeing the quarter-deck log, and after entering into a stipulation that you were given a TR on 3 September 1974, you still maintain that you were not an unauthorized absentee from the Naval Support Activity during that period of time?

A. I would say that I don't even remember it, it must be, because you have the facts, but I don't have any recollection at all, and that's why I plead not guilty the first time.

TC: Very well."

It may be argued appellant was prejudiced by the additional broadside attack on his credibility. In perhaps an overabundance of caution we will disapprove the findings of guilty to Specification 3 of the Charge. *Cf. United States v. Turnipseed, supra, United States v. Burgess*, 21 U.S.C.M.A. 13,

44 C.M.R. 67 (1971). The sentence will be reassessed.

 The findings of guilty to specification 3 is set aside and the specification dismissed. The remaining findings are affirmed. Upon reassessment that portion of the sentence approved below as provides for a bad conduct discharge, confinement at hard labor for five months, and forfeiture of $100.00 per month for five months is affirmed.

Senior Judge EVANS and Judge MALLERY concur.