UNITED STATES

v.

**Airman Basic Landes O. ANDERSON, FR 510–74–6613, United States Air Force.**

**ACM S25352.**

U. S. Air Force Court of Military Review.

29 Jan. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Willard K. Lockwood and Captain Patrick A. Tucker, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before MILES, Senior Judge, and KASTL and RAICHLE, JJ.

## DECISION

MILES, Senior Judge:

Contrary to his pleas, the accused was convicted by a special court-martial with members of transfer of amphetamines and two use and three transfer offenses involving marijuana in the hashish form, violations of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 [hereinafter U.C.M.J.]. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months and forfeiture of $334.00 per month for three months.

Appellate defense counsel assert that the military judge erred when he instructed the court-martial, over defense objection, that the government's chief witness, a convicted drug dealer, could not face vacation of a suspended period of confinement for failure to testify at the accused's trial. We agree, set aside all but one finding of guilty and return the case for a rehearing.

### I

The principal witness, Airman H., was a government informant acting under the direction of the Air Force Office of Special Investigations (OSI). H. testified that he received amphetamines once and hashish on three separate occasions from the accused, and that he also observed the accused smoke hashish twice. After receiving the drugs, H. turned them over to an OSI

agent. At trial, it was stipulated that three of the items received by the OSI from H. were tested and found to be hashish, and a fourth item, a white powder, contained amphetamines.

Airman H. was the only eyewitness who testified to these offenses. However, H's conversation with the accused during the transfer on the 17th of March was secretly recorded under OSI direction; and that conversation with the accused was played back to the court members.

Airman H's credibility was attacked in various ways during the trial. For example, H. admitted using and selling cocaine and hashish before he became an informant and conceded he had been "a big dealer." At one time, H. acquired several thousand dollars worth of cocaine and resold it to various airmen. He also admitted smoking hashish once while working as an OSI informant and lying to the OSI once.

Airman H. had been convicted of divers sales of cocaine by a general court-martial and sentenced to a bad conduct discharge, confinement at hard labor for eighteen months, total forfeitures and reduction to airman basic. The convening authority modified H's court-martial sentence by reducing the period of confinement to twelve months and then suspending the confinement entirely. That court-martial suspension was still in effect when H. testified against the accused. That same convening authority, the Commander-in-Chief, United States Air Forces in Europe, also approved the findings and sentence in the accused's case.

During final argument, the defense counsel noted that H. was not simply testifying because he was "a good guy." The defense argued that H. had to testify because if he failed to do so, he might have to serve the sentence to confinement which had only been suspended. In short, if H. refused to testify he might jeopardize the continued suspension of his confinement. Subsequently, the military judge erroneously concluded that the defense argument was improper. The military judge advised the members in his instructions on findings, *sua sponte* and over defense objection, as follows:

> Defense counsel suggested in his argument that the suspension of Airman [H]'s sentence could be vacated, that is, that he could be sent to jail, confinement at hard labor, if he failed to follow through and testify in this case. The law is that before a suspension can be lifted, vacated, there must be an act of misconduct by the individual under suspended sentence. *The failure to testify or any failure to testify does not qualify under the law as such an act of misconduct.* [Emphasis added.]

## II

■ Under the U.C.M.J., a hearing would be required before the suspension of this witness' sentence to confinement could be vacated. See Article 72(a), U.C.M.J., 10 U.S.C. § 872(a); Manual for Courts-Martial, 1969 (Rev.), paragraph 97*b* [hereinafter MCM, 1969 (Rev.)]; *United States v. Rozycki*, 3 M.J. 127 (C.M.A.1977); *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977). However, following proper procedures and upon good cause, a suspended sentence can be vacated. *See United States v. Andreason*, 23 U.S.C.M.A. 25, 48 C.M.R. 399 (1974); *United States v. Cecil*, 10 U.S.C.M.A. 371, 27 C.M.R. 445 (1959); *United States v. May*, 10 U.S.C.M.A. 258, 27 C.M.R. 432 (1959). Good cause may even include misconduct predating the period of suspension. *United States v. Dawson*, 10 M.J. 142 (C.M.A.1981); *United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1971).

The offense of wrongful refusal to testify is fully recognized in military law. MCM, 1969 (Rev.), Appendix 6c, Model Specification 174; Air Force Manual 111–2, Court-Martial Instructions Guide, paragraph 3–174, 15 October 1971; *United States v. Kirsch*, 15 U.S.C.M.A. 84, 35 C.M.R. 56 (1964); *United States v. Croley*, 50 C.M.R. 899 (A.F.C.M.R.1975). It carries a maximum punishment of a dishonorable discharge, confinement at hard labor for five years, total forfeitures and reduction to the lowest enlisted pay grade. MCM, 1969

(Rev.), paragraph 127c, Table of Maximum Punishments.

■ Applying these concepts, we conclude the military judge erred in instructing the court-martial that H's failure to testify could not serve as a basis for vacating his suspended sentence to confinement. At all times relevant here, Airman H. was acting under the direction of the OSI and was not an accomplice to these offenses. Hence, Airman H. would have no apparent legal excuse to refuse to testify if called as a witness. If he did so, wrongfully, he would commit a serious breach of the U.C.M.J. constituting good cause for revocation of the suspension following a proper hearing. *United States v. May, supra; United States v. Kirsch, supra.* The defense counsel's argument, based on facts established in the record at trial, was a fair and reasonable comment on H's motives in testifying.

■ Having concluded the military judge erred, we also find that his error materially prejudiced the substantial rights of the accused as to all but one offense. Due to the paucity of other evidence, H's credibility was clearly a central issue, and the defense attacked that credibility in various ways as noted. Because the court-martial panel was misadvised by the military judge's instructions and the defense counsel was prevented from arguing his client's case properly, we conclude that the findings of guilty of Charge I, Specification 2, and Charge II, Specifications 1, 2, 3 and 5 cannot stand.[1]

■ As to Charge II, Specification 4, we find no material prejudice to the substantial rights of the accused. On that offense, the court-martial heard a detailed recording, implicating the accused, of the conversation surrounding the transfer. In view of that specific evidence and the other facts and circumstances, we are convinced beyond a reasonable doubt not only of the accused's guilt but also that the misadvice by the military judge did not impact on the court's findings. *See United States v. Blanchard,* 11 M.J. 268 (C.M.A.1981); *United States v. Barnes,* 8 M.J. 115, 117 (C.M.A.1979).

**III**

■ Appellate defense counsel also assert that the staff judge advocate and reviewing authority were disqualified from reviewing and acting on this case under Article 65(b), U.C.M.J., 10 U.S.C. § 865(b). We disagree.

It is well recognized that a convening or reviewing authority may not act on an accused's case if he has granted immunity or clemency in return for testimony against the accused. *United States v. Chavez-Rey,* 23 U.S.C.M.A. 412, 50 C.M.R. 294 (1975); *United States v. Cruz,* 23 U.S.C.M.A. 238, 49 C.M.R. 291 (1974); *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Dickerson,* 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973).

Here, we are not satisfied that the staff judge advocate or reviewing authority were disqualified because the record fails to indicate that the clemency was given in exchange for testimony against the accused. Hence, we resolve this assignment of error against the accused.

**IV**

Accordingly, the findings of guilty of Charge I and Specification 2, thereof, and Specifications 1, 2, 3 and 5 of Charge II are set aside. The findings of guilty of Charge II and Specification 4 of Charge II are affirmed. A rehearing is ordered.[2]

KASTL and RAICHLE, JJ., concur.

---

1. The accused was acquitted of Charge I, Specification 1.

2. See Manual for Courts-Martial, 1969 (Rev.), paragraph 92.