UNITED STATES, Appellee,

v.

Specialist James A. LENTS, 363–78–8713, United States Army, Appellant.

ACMR 9001448.

U.S. Army Court of Military Review.

25 Feb. 1991.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Lauren B. Leeker, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Joel J. Berner, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. Although he was charged with involuntary manslaughter, in violation of Article 119, Uniform Code of Military Justice, 10 U.S.C. § 919 (1982) [hereinafter UCMJ], he pled guilty to the lesser offense of negligent homicide in violation of UCMJ Article 134, 10 U.S.C. § 934. Contrary to his pleas, he was found guilty of involuntary manslaughter. He was sentenced to confinement for two years. The convening authority approved the sentence.

Appellant had invited a friend, another soldier, to have Thanksgiving dinner with him and his family at their off-post quarters. Some alcoholic beverages were consumed during the visit. While driving his guest to his quarters on post, appellant's auto left the highway and rolled over several times. The accident resulted in the death of appellant's friend. Appellant's blood alcohol level was .18 and empty beer bottles were found in and around the vehicle after the accident.

During instructions on the merits, the following colloquy occurred:

MJ: Do you have any questions at this time?

Pres: Your honor, we've got some questions I think. But I'm not sure that this—

MJ: As to procedures?

Pres: Not as to procedures.

MJ: Do you have any questions as to the law?

Pres: No

MJ: Would you like to have witnesses called or recalled?

Pres: I have not read all of the questions here. There are at least three. Should I just give them to the trial counsel?

MJ: Please hand them to the trial counsel. When were they prepared? I hadn't noticed—

Pres: Within the last—during the closing arguments.

MJ: Okay. During closing arguments. Please tender them to the court. I did not see them. ... (Receives and examines questions). Court members, with regard to these particular questions you're advised that once counsel has closed the evidence that will be all of the evidence that you will hear on the matter. With regards to these matters that you have addressed, I'm sorry, they will remain unaddressed. You may discuss these matters in the deliberation room. If you're unable to make a finding then we will reconvene at that time. But essentially you're called upon to make a determination as best you can, if you can, based upon the evidence presented in here.... [1]

---

1. One court member asked the following questions:

> Where did [the deceased] live? If on Post why was the car headed from Post; that is if I understood correctly, Mr. [H] was headed toward Post and SPC Lents was going in the opposite direction? Did I understand Mr. [H] correctly [sic] he said the bottles of beer he found were on the outside near the window. Plus Mr. [H] said there were bottles also in the inside. Bottom line, I understood Mr. [H]

to say there were bottles both inside and outside of the car.

Another member asked,

> Lents' lived in Harker Heights; Ms. Lents stated her husband & [the deceased] left Lents' home around 0230 hrs. Accident occurred around 0250 hrs. Lents auto was traveling east on Hwy 190. Where had vehicle been? Where did [deceased] live? Was [deceased] in duty uniform at time of accident? What time was he to report for duty? How

Although the court members' actions were in the form of questions, it is clear from the record that it was necessary to call or recall witnesses in order to answer them.

■ Court members are at liberty to request that witnesses be called or recalled or to have testimony reread by the court reporter. *United States v. Lampani*, 14 M.J. 22, 26 (C.M.A.1982).[2] This right is not absolute and is subject to the discretion of the military judge. *Id.* "Difficulty in obtaining witnesses and concomitant delay; the materiality of the testimony that the witness could produce; the likelihood that the testimony sought might be subject to a claim of privilege; and the objections of the parties to reopening the evidence are among the factors the trial judge must consider." *Id.*

■ In the case *sub judice*, there is no indication that the judge considered these factors before informing the court that they must attempt to arrive at findings with the evidence submitted to them. Indeed, one of the witnesses, Mrs. Lents certainly was quickly available because she testified on behalf of appellant during the sentencing procedure later the same day. Although some of the questions may have been material, the military judge's summary ruling and instruction precluded the court from obtaining the requested testimony. There is no indication that the testimony sought was subject to a claim of privilege, particularly relating to the testimony of Mr. [H]. Finally, the military judge summarily denied the request without ascertaining whether the parties to the trial objected to reopening of the case. Under these circumstances, we hold that the military judge abused his discretion in refusing to call or recall witnesses to provide that testimony which was material to the trial at the request of the court members.

■ Although we find that the military judge erred in summarily denying the request for additional testimony by the court members, we are satisfied that no prejudice resulted. There was no defense objection to the military judge's denial. While we do not equate this silence to a waiver, we believe that it was consistent with defense strategy during trial of relying on the weaknesses of the prosecution's case concerning culpable negligence. See *United States v. Lampani*, 14 M.J. at 27. A finding or sentence of court-martial may not be held incorrect on the ground of error of law unless the error materially prejudices the substantial rights of the accused. UCMJ art. 59(a), 10 U.S.C. § 859(a).

The allegations of error raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) are without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge VARO concur.

does Ms. Lents know they left her home around 0230?
And yet another asked, "Where did [deceased] reside? What is the blood alcohol level for intoxication according to Texas state law?" Finally, a fourth court member requested Mrs. Lents be asked the following question:
Where did [the deceased] reside in relation to Ft Hood? Did [he] at any time in your presence made [sic] reference to having duty the following day? Did anyone offer [sic] the [deceased] to stay overnight and taken [sic] home early in the morning? Did he have a uniform in his possession?

2. The *Lampani* case is based on Manual for Courts–Martial, United States, 1969, (Rev. ed.), para. 54b. The present manual provision, Rule for Courts–Martial 801(c), was taken from that paragraph and language from the old manual has been placed in the discussion. See Manual for Courts–Martial, United States, 1984, R.C.M. 801(c) analysis, app. 21 at A21–38.