UNITED STATES

v.

**Eric D. CAMPBELL, 327 64 6350, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 91 3257.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 Aug. 1991.

Decided 26 May 1993.

---

LT Randall L. Chambers, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before JONES, Senior Judge, and REED and LAWRENCE, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error[1] and the Government's reply thereto, and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

Appellant was tried by special court-martial, officer members. Contrary to his pleas, he was convicted of a single specification under Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921, alleging the theft of 13 Nintendo game tapes.[2] He was sentenced to reduction to pay grade E–1 and to a bad-conduct discharge. The convening authority approved the sentence as adjudged.

Appellant now argues that the military judge erred by denying him the opportunity to cross-examine witnesses called by the members pursuant to Military Rule of Evidence (Mil.R.Evid.) 614,[3] Manual for

1. The military judge erred by denying trial defense counsel the opportunity to cross-examine witnesses called by the members pursuant to M.R.E. 614. (Footnote omitted).

2. He was acquitted of a portion of the specification alleging the theft of 75 compact disks.

3. Mil.R.Evid. 614 provides as follows:

Rule 614. Calling and interrogation of witnesses by the court-martial.
(a) *Calling by the court-martial.* The military judge may, sua sponte, or at the request of the members or the suggestion of a party, call witnesses, and all parties are entitled to cross examine witnesses thus called. When the members wish to call or recall a witness, the military judge shall determine whether it is

Courts–Martial (MCM), United States, 1984. We agree the military judge erred but find such error harmless for the following reasons.

■ After both Government and defense had rested their cases, the members had been instructed on findings, and arguments on findings had occurred, the members requested additional documentary and testimonial evidence. Such is their right. Rule for Courts–Martial (R.C.M.) 801(c). Even after court members have begun their deliberations, such additional evidence may be requested and presented. *United States v. Lampani,* 14 M.J. 22 (C.M.A. 1982). The right of the members to have additional evidence obtained, however, is subject to an interlocutory ruling by the military judge. R.C.M. 801(c); *United States v. Lents,* 32 M.J. 636 (A.C.M.R.), *petition denied,* 34 M.J. 68 (C.M.A.1991).

■ However, if witnesses who have previously testified are recalled or new witnesses are called then all parties are entitled to cross-examine such witnesses. Mil. R.Evid. 614(a). The procedure to be used in calling the witnesses requested by the court members in the case before us was determined in an out-of-court R.C.M. 802 session:

> We also discussed the procedure I would use in calling these witnesses and that is, I'll bring the members in. I will tell the members we were able to get some of the evidence they requested and further remind them that they are not to take any adversarial position when posing questions. That I would pose the questions first to the witnesses and then if they felt that further questions were necessary they could write down their own questions.

The military judge's explanation of the R.C.M. 802 conference did not discuss the cross-examination of the witnesses requested by the court members. Trial defense counsel interposed no objection to the procedure delineated by the military judge. Several witnesses were then called and questioned by the military judge using questions posed by the court members as a basis for the questions. Neither Government nor defense requested cross-examination of any of these witnesses until the victim of the larceny was recalled.

■ We find that cross-examination by defense of those witnesses called or recalled prior to the victim's recall to have been waived by failure of defense counsel to request it. Mil.R.Evid. 103(a)(1). However, no such waiver occurred with respect to the recalled victim's testimony. Here the trial defense counsel objected to having further questioning of the victim "without the defense counsel being allowed to recross [him] on everything he says here because if that—without a recross of the answers that have been brought up it denies Lance Corporal Campbell his constitutional right to confront this witness."

■ We agree that appellant had an absolute right to cross-examine the victim and that the military judge erred when he disallowed it. Mil.R.Evid. 614(a). The accused's right to cross-examine the witnesses against him is one of constitutional dimensions, secured by the confrontation clause of the Sixth Amendment. *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). A complete denial of cross-examination constitutes constitutional error of the first magnitude. *Brookhart v. Janis,* 384 U.S. 1, 3, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314, 315 (1966). When such a constitutional error occurs, the trial court's

appropriate to do so under these rules or this Manual.

(b) *Interrogation by the court-martial.* The military judge or members may interrogate witnesses, whether called by the military judge, the members, or a party. Members shall submit their questions to the military judge in writing so that a ruling may be made on the propriety of the questions or the course of questioning and so that questions may be asked on behalf of the court by the military judge in a form acceptable to the military

judge. When a witness who has not testified previously is called by the military judge or the members, the military judge may conduct the direct examination or may assign the responsibility to counsel for any party.

(c) *Objections.* Objections to the calling of witnesses by the military judge or the members or to the interrogation by the military judge or the members may be made at the time or at the next available opportunity when the members are not present.

findings must be reversed unless the error was harmless beyond a reasonable doubt. *United States v. Davis*, 26 M.J. 445, 449 n. 4 (C.M.A.1988) (citing *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

> The Supreme Court has applied three tests: (1) focusing on the erroneously admitted evidence or other constitutional infraction to determine whether it might have contributed to the conviction, *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Chapman v. California, supra; Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); (2) disregarding the erroneously admitted evidence where overwhelming evidence supports the conviction, *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); and (3) determining whether the erroneously admitted evidence is merely cumulative, duplicating properly admitted evidence, *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

*United States v. Alba*, 15 M.J. 573, 576 (A.C.M.R.1983).

■ The victim's testimony upon which appellant was not allowed cross-examination concerned identifying numbers that appeared while playing one of the stolen video games. The numbers corresponded to the player's skill level. We find that cross-examination on this issues would have had no affect on the court members.

During his initial testimony, the victim had extensively identified this particular game as one of his missing games by identifying the condition of the game's instruction book and the names of the game players that were stored in the game's memory. Trial defense counsel thoroughly cross-examined him on his ability to remember these characteristics of the game and their uniqueness. The only really new evidence given by the victim during his recall concerned to whom he initially spoke when first reporting the theft of his games. We see little persuasive value in this evidence and no risk of prejudice to appellant in being denied an opportunity to cross-examine the victim on this statement.

Although appellant was entitled to cross-examine the victim on these matters, the cumulative nature of the testimony convinces us beyond a reasonable doubt that this error was harmless and did not prejudice appellant. This testimony was largely duplicative of the overwhelming evidence against appellant the members had already received.

Accordingly, the findings and sentence, as approved on review below, are affirmed.[4]

---

**4.** Although not raised as an issue, we note that appellant refused to return to the witness stand when the members requested he be recalled as a witness. The military judge accepted this refusal, believing that appellant was entirely within his rights to refuse to testify again.

> The Fifth Amendment does not prevent the government from recalling an accused for further cross-examination when the accused has assumed a status comparable to any other witness based on his earlier voluntary testimony. The government's right to recall the accused, however, should be circumscribed by the military judge's own discretional authority to control trial proceedings [citations omitted]. . . .

*United States v. Ray*, 15 M.J. 808, 811 (N.M.C.M.R.), *petition denied*, 16 M.J. 177 (1983).

Although this was error, it was error that inured to the benefit of the appellant.