**UNITED STATES, Appellee,**

v.

**Private (E–1) Denise L. THOMAS, SSN 567–37–1784, United States Army, Appellant.**

**SPCM 17759.**

U.S. Army Court of Military Review.

19 Aug. 1983.

Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, Captain Warren G. Foote, JAGC, and Captain Alan D. Groesbeck, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before HANSEN, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

COHEN, Judge:

In accordance with her plea appellant was found guilty of wrongful sale of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for forty-five days, and forfeiture of $367.00 pay per month for three months. Pursuant to a pretrial agreement the convening authority reduced the amount of forfeitures to $367.00 pay per month for two months.

Appellant urges that during the sentencing phase of the trial the military judge erred by forcing appellant, over defense counsel's objection, to answer cross-examination questions by trial counsel concerning her offense when she did not discuss the offense on direct examination. We agree, but find the appellant has suffered no prejudice.

■ Military Rule of Evidence 611(b) limits the scope of cross-examination to the subject matter of direct examination and matters relating to the credibility of a witness. Military Rule of Evidence 301(e) further makes clear that when an accused takes the witness stand voluntarily, he waives the privilege against self-incrimination *only* with respect to the matters concerning which he testifies. Appellant testified on direct examination during the sentencing phase that she recognized the seriousness of her offense, regretted her transgression, and desired "to be all that she could be in the Army." Appellant did not discuss the underlying offense in her direct testimony. Such testimony does not open the door to cross-examination about the details of the offense itself. Therefore, trial counsel's specific inquiries concerning who initiated the sale, where the sale took place and if the drugs were thrown or handed to the buyer were improper under Military Rules of Evidence 611(b) and 301(b).

■ Military Rule of Evidence 1101(c) does provide that the rules of evidence may be relaxed during the sentencing phase of the trial to allow the defense to present matters in extenuation and mitigation and to allow the prosecution to rebut this evidence. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Change 5, para. 75c(3), d (1982). However, an accused's Fifth Amendment privilege against self-incrimination is violated when he is compelled to give testimony on cross-examination that is beyond the scope of the

direct testimony he gave in extenuation and mitigation. Mil.R.Evid. 301(e); *United States v. Sauer,* 15 M.J. 113 (C.M.A.1983). "The essence of the basic constitutional principle that no person shall be compelled in any criminal case to be a witness against himself is the requirement that the Government which proposes to convict *and punish* an individual produce the evidence by the independent labor of its own officers, not by the simple, cruel expedient of forcing it from his own lips." *Sauer,* 15 M.J. at 116, quoting *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). "Certainly, the Manual for Courts-Martial does not ... purport to authorize the prosecution or the judge to compel [the accused] to provide information that will increase his punishment." *Sauer,* 15 M.J. at 117.

While we find trial counsel's inquiries on cross-examination were improper, we find this error had no appreciable impact on the sentence adjudged. The facts elicited from appellant on cross-examination reflect that she was approached by the buyer and sold the marijuana just "to get rid of it." Although the military judge expressed concern over appellant's conception that "getting rid" of the marijuana meant selling it to someone, we do not believe the military judge considered appellant's answers on cross-examination as aggravating matters in his sentence deliberations. Indeed, appellant's answers ameliorated the information contained in the stipulation of fact, Prosecution Exhibit 1, which depicts appellant as a far more culpable offender.

Appellant's contention that she was prejudiced by trial counsel's improper cross-examination is also belied by the leniency of the sentence adjudged. In addition to sentencing appellant to a short term of confinement the military judge recommended to the convening authority that he consider suspending the bad-conduct discharge. Given the nature of the information elicited from appellant and the lenient sentence adjudged, we find that the appellant has suffered no prejudice as a result of the trial error. We affirm the approved findings and the sentence.

Judge NAUGHTON concurs.

Chief Judge HANSEN did not participate in this decision.